## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CRIMINAL NO. 2:05-CR-119-F** |
| | ) | |
| **DON EUGENE SIEGELMAN,** | ) | |
| **PAUL MICHAEL HAMRICK,** | ) | |
| **GARY MACK ROBERTS, and** | ) | |
| **RICHARD M. SCRUSHY.** | ) | |

### DEFENDANT GARY MACK ROBERTS'
### MOTION FOR SEVERANCE

Comes now Gary Mack Roberts, a defendant in the above-styled matter, by and through his undersigned counsel and respectfully moves this Honorable Court for a severance of defendants and or counts pursuant to Rule 14 of the Federal Rules of Criminal Procedure. As grounds for and in support of his motion, Roberts states as follows:

1. The superceding indictment in this action contains allegations that may be broken down as follows:

> a). the Certificate of Need Board;
>
> b). hazardous waste disposal, fees and taxes;
>
> c). alcoholic beverage regulation;
>
> d). municipal bond funding;
>
> e). state construction contracting; and
>
> f). Alabama Department of Transportation.

2. Mack Roberts is only implicated in the last area and there is no allegation that he was knowledgeable nor participated in any of the other alleged wrongdoing.

3. The charges in the superceding indictment charge violations of at least twelve different state and federal laws.

4. Mack Roberts is charged with the violation of one federal statute.

5. The vast majority of the witnesses who have been identified and the documents which have been produced have absolutely nothing to do with Mack Roberts and the charges he faces.

6. Defendant Roberts will suffer substantial prejudice if the counts in which he is charged are not severed for trial from the other counts. The prejudice will be created by having a jury hear evidence relating to counts in the indictment that have absolutely no relation whatsoever to the counts in which Roberts is named as a defendant and being instructed upon laws that are not only complicated but completely irrelevant to the charges he faces. It will be virtually impossible for the jury to separate the evidence (and instructions) relating to the different counts and the various defendants, thus preventing the jury from making a reliable judgment about guilt or innocence. Roberts would further be prejudiced by being forced to participate in the preparation for and trial of these various counts which are unrelated to him and therefore greatly increasing his legal expenses.

7. The Government would not be prejudiced by a severance for trial of the counts involving Roberts.

WHEREFORE, Defendant Roberts respectfully moves this Honorable Court for an order severing him for trial, or in the alternative severing Counts Eighteen through Thirty-Three for trial.

2

Respectfully submitted this the 21st day of December, 2005.

/s/ David McKnight
David McKnight
Attorney for Gary Mack Roberts
BAXLEY, DILLARD, DAUPHIN, MCKNIGHT
AND BARCLIFT
2008 Third Avenue South
Birmingham, AL 35233
Telephone: (205)271-1100
Fax: (205)271-1108

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ David McKnight
Of Counsel