IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | CRIMINAL NO. 2:05-CR-119-F |
| ) | |
| DON EUGENE SIEGELMAN, ) | |
| PAUL MICHAEL HAMRICK, ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY. ) | |

### BRIEF OF DEFENDANT GARY MACK ROBERTS'
### IN SUPPORT OF HIS MOTION FOR SEVERANCE

Comes now Gary Mack Roberts, a defendant in the above-styled matter, by and through his undersigned counsel and respectfully submits this Brief in support of his Motion for Severance.

### I. THE CHARGES IN THE INDICTMENT

On October 26, 2005, the Government filed the Superseding Indictment which is the focus of this motion. This Indictment is 44 pages long and contains 34 counts. The counts against Mack Roberts' co-defendants and in which Roberts is not charged include the following:

a). RICO Conspiracy–18 U.S.C. § 1962(d);

b). RICO–18 U.S.C. § 1962(d); this Substantive RICO count alleges as racketeering acts:

   i). Extortion under Color of Official Right–18 U.S.C. § 1951;

   ii). Bribery–Ala. Code § 13A-10-61(a)(2);

   iii). Honest Services Mail Fraud–18 U.S.C. §§1, 1341, and 1346;

   iv). Money Laundering–18 U.S.C. § 1956(a)(1)(B)(i);

    v). Conspiracy to Commit Extortion under Color of Official Right–18 U.S.C. § 1951;

    vi). Honest Services Wire Fraud–18 U.S.C. § 1343 and 1346;

    vii). Obstruction of Justice–18 U.S.C. 1512(b)(3);

    viii). Extortion under Color of Official Right and by Fear of Economic Harm–18 U.S.C. 1951;

    ix). Fair Campaign Practices Act Bribery–Ala. Code § 17-22A-7(c);

c). Federal Funds Bribery–18 U.S.C. § 666(a)(1)(B);

d). Federal Funds Bribery–18 U.S.C. § 666(a)(2);

e). Conspiracy–18 U.S.C. § 371;

f). Honest Services Mail Fraud–18 U.S.C. § 1341 and 1346;

g). Honest Service Wire Fraud–18 U.S.C. § 1343 and 1346;

h). Obstruction of Justice–18 U.S.C. §1512(b)(3); and

i). Extortion under Color of Official Right and by Fear of Economic Harm–18 U.S.C. §1951.

In contrast, the charges against Mack Roberts comprise the entirety of two and one half pages of the indictment and all charge him with violations of one federal law, Honest Services Mail Fraud (18 U.S.C. §§ 1341 and 1346).

## II. INTRODUCTION TO LEGAL ARGUMENT

> ... I saw a lizard come darting forward on six great taloned feet and fasten itself to
> a [fellow soul]... They fused like hot wax, and their colors ran together until
> neither wretch nor monster appeared what he had been like when he began....

Dante, *The Inferno*, Canto XXV, Circle 8, Bolgia 7, lines 46-48, 58-60 (J. Ciadi, Transl.) cited in *United States v. Romanello*, 726 F.2d 173, 174 (5th Cir. 1984).

The Government envisions a trial in which the actions and statements of Don Siegelman, Richard Scrushy and Paul Hamrick become indistinguishable from the actions and statements of Mack Roberts. In order for a verdict against Mack Roberts to have any integrity it will have to be reached at a trial separate and apart from his co-defendants for several compelling reasons. The counts of the indictment have been misjoined since these counts do not arise from "the same series of acts or transactions," as required by *Federal Rule of Criminal Procedure* 8(b). In addition, the joint trial of these separate charges and the joint trial of all defendants on all counts would severely prejudice Mr. Roberts in the presentation of his defense and prevent the jury from making a reliable judgment about his guilt or innocence. A severance is required in this case.

### III. LEGAL DISCUSSION

A. Rules 8(b) and 14

In cases involving multiple defendants, the propriety of joinder must be tested under *Federal Rule of Criminal Procedure* 8(b), since Rule 8(a), governing the joinder of offenses, has no application to multi-defendant cases. *United States v. Avery*, 760 F.2d 1219, 1222 (11th Cir. 1985)[1]. As explained by the Eleventh Circuit in that case:

> Rule 8(b) is designed to prevent the accumulation of prejudice that occurs when several defendants are charged with similar but unrelated offenses. Generally, the test for whether counts are misjoined under Rule 8(b) is whether the acts alleged in the indictment are unified by some substantial identity of facts or participants.... However, even if the counts are properly joined under Rule 8(b), the defendant is

---

[1] *Avery* was overruled on other grounds by *United States v. Lane*, 474 U.S. 438, 106 S. Ct. 725, 88 L. Ed. 2d 814 (1986), to the extent that it held or implied that misjoinder under either Rule 8(a) or 8(b) is inherently prejudicial. *United States v. Watson*, 866 F.2d 381 (11th Cir. 1989).

3

> still entitled to a severance if he can show specific and compelling prejudice due to the counts being joined.

*Id.* at 1222.

The mechanism for severance is found in Rule 14 of the *Federal Rules of Criminal Procedure* which provides that if a joinder of defendants in an indictment "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The trial court's ruling on a motion to sever is within the discretion of the trial judge and will not be reversed "absent a clear abuse of discretion resulting in compelling prejudice against which the district court could offer no protection." *United States v. Bennett*, 368 F.3d 1343, 1351 (11th Cir. 2004); see also *Barton v. United States*, 263 F.2d 894 (5th Cir. 1959) (reversal of district court's denial of motion for severance); *Schaffer v. United States*, 221 F.2d 17 (5th Cir. 1955) (reversal of district court's denial of motion for severance).

Rules 8(b) and 14 are designed "to promote economy and efficiency and to avoid a multiplicity of trials *[so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.... An important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence."* *Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968) (emphasis added).

### B. Prejudice: *Zafiro* and its Progeny

The applicable law with regard to prejudice requiring a severance is set forth in *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In *Zafiro*, four individuals, Zafiro, Martinez, Garcia

and Soto were charged with conspiring to possess cocaine, heroin and marijuana with the intent to distribute. Each professed their own innocence while accusing their co-defendants. After they were all convicted, each appealed the denial of their severance motions. Justice O'Connor delivered the opinion of the Supreme Court and noted:

> We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is *[1]* a serious risk that a joint trial would compromise a *specific trial right* of one of the defendants, or *[2]* prevent the jury from making a *reliable judgment* about guilt or innocence.

*Id.* at 539 (enumeration and emphasis added). Following the ruling in *Zafiro*, the Eleventh Circuit stated that the two situations set forth in the *Zafiro* opinion are circumstances "where severance is the only permissible remedy." *United States v. Blakenship,* 382 F.3d 1110, 1122 (11th Cir. 2004).[2] The Eleventh Circuit referred to these as "mandatory severance" scenarios. *Id.* at 1123.

Although it is premature to address the "specific trial right" scenario, the "reliable judgment rule", when applied to the facts of this case demands that Roberts be severed.[3] In *Blakenship* and *Zafiro* the courts focused on three specific instances wherein a severance is required under the "reliable judgment" rule.

---

[2] The Eleventh Circuit went on to hold that "[a]side from the two categories of defendants specified by the Supreme Court, most other defendants prejudiced by a joint trial are entitled only to curative instructions." *Blakenship,* supra at 1123.

[3] Whether there is a violation of a "specific trial right" is an issue that it is premature to address at this point. While this issue is typically raised when there are mutually antagonistic defenses, it incorporates any trial right. For instance, Roberts right to effective assistance of counsel could be implicated as he is the only defendant who has waived his right to a speedy trial and yet, if the case is not severed, he may be forced to go to trial before his counsel is ready to try this case. A trial date has not been set and counsel for Roberts has not completed their review of the discovery and therefore reserves the right to raise this issue in a subsequent pleading.

> "First, severance is mandated where compelling evidence that is not admissible against one or more of the co-defendants is to be introduced against another co-defendant. This is a concern, for example, where the gruesome evidence against one defendant overwhelms the de minimus evidence against the co-defendant(s).... The 'reliable judgment' exception also applies in an extremely narrow range of cases in which the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of evidence, makes it nearly impossible for a jury to juggle everything properly and assess the guilt or innocence of each defendant independently.... Finally, severance is required under *Zafiro* where one defendant is being charged with a crime that, while somehow related to the other defendants or their overall criminal scheme, is significantly different from those of other defendants."

*Id.* at 1123-1125. Each of these independent criteria for mandatory severance exist in this case. Taken together, they mandate that Mack Roberts portion of this case be severed.

Reviewing the indictment and the evidence produced by the Government in the instant action, the vast majority of it relates to the counts that do not involve Roberts. The Government's initial discovery encompassed over one million images contained in 180 boxes, along with 70 tapes, the overwhelming majority of which has absolutely nothing to do with Mack Roberts. (Exhibit A–Transcript of November 16, 2005 Status Conference pp. 5-7) In addition, there appears to be a "warehouse full of documentary evidence" which the Government believes is not now relevant but doesn't "want to categorically say it's not." (Exhibit A pp. 13 and 15)[4] The majority of the persons identified in the Government's initial list of expert witnesses have absolutely nothing to do with Mack Roberts.[5] The majority of the counts, allegations and pages

---

[4] This material is applicable to the counts in which Mack Roberts is not charged.

[5] For example, Special Agent Tyler McCurdy, FBI, may testify about issues concerning Waste Management. Alva Lambert may testify about his responsibilities as Director of the Alabama Certificate of Need Review Board and Internal Operating Procedures. Mark Wilkerson, Esq. may testify about his responsibilities as attorney for the Alabama Certificate of Need Review Board. Jim Sumner may testify about the training he gives to members of the Certificate of Need Review Board. Wade Hope may testify about the Internal Operating Procedures of the

of the indictment have absolutely nothing to do with Mack Roberts. As noted in *Blankenship* "[i]n such cases, the better course of action is to have separate trials in order to confine such powerful evidence to the defendants against whom it may properly be used." *Id.* at 1124.

Secondly, as noted above, the only federal statute that Mack Roberts is charged with violating is Honest Services Mail Fraud. On the other hand, the counts against the other three defendants include: RICO Conspiracy; RICO (alleging predicate act violations of Extortion under Color of Official Right; State law Bribery; Honest Services Mail Fraud; Money Laundering; Conspiracy to Commit Extortion under Color of Official Right; Honest Services Wire Fraud; Obstruction of Justice; Extortion under Color of Official Right and by Fear of Economic Harm; and Fair Campaign Practices Act Bribery); Federal Funds Bribery; Conspiracy; Honest Services Mail Fraud; Honest Service Wire Fraud; Obstruction of Justice; and Extortion under Color of Official Right and by Fear of Economic Harm.

It will be virtually impossible for a jury to keep the evidence and applicable law with regard to each defendant separate. Each of these various counts presents complications which directly effect Roberts' constitutional right to have a jury determine his actions and the charges against him. The *Blakenship* decision speaks directly to this issue when it notes that:

> This case is far too extensive and intricate to expect that a jury would be able to discern the myriad of subtle distinctions and mental gyrations that would be required by the inevitable plethora of limiting instructions necessary. And even where jurors would at first attempt to heed the judge's admonitions, they could

---

Alabama Department of Revenue with regard to the rules and regulations concerning hazardous waste. Dr. Joyce Bigby and Gerald Dial may testify about passing legislation in the Alabama Legislature. None of this testimony is relevant to the charges brought against Mack Roberts. In fact, of the seventeen expert witnesses identified by the Government, only four are identified as being directly relevant to the charges brought against Roberts. (Attached Exhibit B–November 10, 2005 Letter from J.B. Perrine, Assistant United States Attorney)

> hardly be expected to retain such precise discriminations weeks and months down the line, when they retire to deliberate on the basis of a warehouse of diverse evidence.

*Id.* at 1124. Failure to sever Roberts from the other defendants will result in the violation of his constitutional right to a fair trial and a verdict rendered by application of *the appropriate law* to the facts of his case. For example, Mack Roberts is not charged in the RICO counts but will be subject to the resulting confusion. The RICO or RICO conspiracy counts alone comprise twenty-eight pages of the indictment, incorporate violations of at least twelve federal and state criminal statutes, all of which must be charged to the jury. It is also well-settled that, "RICO is one of the most confusing crimes ever devised by the United States Congress." *Casey v. Department of State*, 980 F.2d 1472, 1477 (D.C. Cir. 1992). See also *United States v. Manzella*, 782 F.2d 533, 547 (5th Cir. 1986) (a RICO case is an unusually complex criminal proceeding, providing many possibilities of confusion and ambiguity); *Old Time Enters. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1220 (5th Cir. 1989) (RICO itself is an unusually confusing and convoluted statute); *United States v. Monteiro*, 2005 U.S. Dist. LEXIS 30829 (D. Mass. 2005) (the RICO indictment presented a serious potential for jury confusion). Furthermore, RICO allows the Government broad leeway to introduce evidence that would not otherwise be admissible. As one commentator wrote with regard to RICO and its interplay with the Federal Rules of Evidence:

> ...because the RICO prosecutor must prove more, he *can* prove more. The evidence required to show a criminal 'enterprise' and predicate acts for a 'pattern of racketeering activity,' might otherwise be excluded in a standard case. By making the case more complicated, RICO may facilitate conviction of the defendant, along with the added possibility of bringing down a criminal enterprise..... A prosecutor has a great deal to prove in a RICO case. As a result, circuit courts will uphold a district court's use of its discretion when a piece of evidence is logically connected to the case. Evidence that might not be admissible in an ordinary case may be admissible in a RICO case.

Evans, *Don't Throw Me Into The Briar Patch: RICO and Rules of Evidence*, 73 Notre Dame L. Rev. 433 (1998). The confusion related to the RICO counts along with the expanded admissibility of evidence with regard to the RICO counts alone demand that Roberts' motion for severance be granted.

### C. Misjoinder

The counts of this indictment should not have been joined from the beginning. Rule 8(b) of the *Federal Rules of Criminal Procedure* permits a joinder of defendants in one indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The applicable test for a misjoinder is "[w]hether under all circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted." *United States v. Fernandez*, 892 F.2d 976, 990 (11th Cir. 1989) Joinder of Mack Roberts with the other defendants and joinder of counts fourteen through twenty-nine with the other counts in the indictment is in violation of Rule 8(b). The counts in which Mack Roberts is not charged involve allegations of completely different and separate alleged transactions. There is no 'substantial identity' of facts and participants between the offenses charged and therefore the counts should not have been joined and should be severed. *United States v. Castro*, 829 F.2d 1038, 1045 (11th Cir. 1987).

## IV. CONCLUSION

The issues raised by this motion are of enormous significance and go to the heart of the fairness of the trial and reliability of any verdict rendered. Mack Roberts' Motion to Sever is due to be granted as the only other remedy, limiting instructions, would be wholly inadequate under the facts of this case. The counts alleging criminal conduct on Roberts behalf should not have been joined initially as there is no substantial identity of facts and participants. However, should this Court determine that the initial joinder was proper, Roberts is entitled to a severance because a joint trial would prevent the jury from making a reliable judgment about his guilt or innocence. Wherefore, Defendant Roberts respectfully moves this Honorable Court to enter an Order severing him for trial, or in the alternative severing Counts Eighteen through Thirty-Three for trial.

Respectfully submitted this the 21st day of December, 2005.

/s/ David McKnight
David McKnight
Attorney for Gary Mack Roberts
BAXLEY, DILLARD, DAUPHIN, MCKNIGHT
    AND BARCLIFT
2008 Third Avenue South
Birmingham, AL 35233
Telephone: (205)271-1100
Fax: (205)271-1108

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ David McKnight
Of Counsel