United States v. Gary Mack Roberts, et al

In the United States District Court
for the Middle District of Alabama
Northern Division

Case No. 2:05-CR-119-F

Exhibit B: Correspondence of November 10, 2005

to Roberts' Brief in Support of Motion to Sever



**U.S. Department of Justice**

United States Attorney
Middle District of Alabama

---

One Court Square, Suite 201  
Post Office Box 197  
Montgomery, Alabama 36101-0197

334/223-7280  
Civil Fax: 334/223-7560  
Fin Lit Fax: 334/223-7418  
Criminal Fax: 334/223-7135

November 10, 2005

G. Douglas Jones  
Whatley Drake, LLC  
P.O. Box 10647  
Birmingham, AL 35203

H. Lewis Gillis  
Thomas, Means, Gillis & Seay, PC  
P.O. Drawer 5058  
Montgomery, AL 36103

Joel E. Dillard  
Baxley, Dillard, Dauphin & McKnight  
2008 Third Avenue South  
Birmingham, AL 35233

Ronald W. Wise  
2000 Interstate Park Drive, Suite 105  
Montgomery, AL 36109

**VIA FACSIMILE**

Re:  *United States v. Siegelman, et. al.*  
Cr. No. 2:05cr119-F

Dear Gentlemen:

Pursuant to Rule 16(a), Fed. R. Crim. P., the Standing Order on Criminal Discovery issued February 4, 1999, and as otherwise required by law (e.g., Brady v. Maryland, 373 U.S. 83, United States v. Giglio, 405 U.S. 150), the United States Attorney hereby makes available all known discovery to you as Defendant's counsel of record. The government intends to provide the majority of the discovery on an external removable hard drive for each defendant. Due to unexpected complications encountered by the company outsourced to convert the documents into electronic format, of which complications the government learned today, the

electronic version of the discovery will not be available until Tuesday, November 15, 2005. Therefore, all original documents are currently available in a conference room at the United States Attorney's Office and are available for inspection today through Tuesday, November 15, 2005. Additionally, today the government will make available to each defendant at the United States Attorney's Office compact discs containing FBI-302s and materials for witnesses cooperating with the government. Beginning Wednesday, November 16, 2005, the physical evidence, including but not limited to original documents, will be returned to the custody of the investigating law enforcement agencies that participated in the investigation of this matter. Arrangements to inspect physical evidence, including the original documents, collected during the investigation may be made by contacting the attorneys of record for the government.

The evidence the government has obtained from the United States Attorney's Office for the Northern District of Alabama related to the prosecution of Defendant Scrushy has been included in the instant discovery package. Any physical evidence, including documents, that remain in the Northern District is deemed not in the possession of the United States Attorney's Office for the Middle District of Alabama and is not included in the instant discovery package. However, if you would like to inspect or review any of the physical evidence that is in the Northern District of Alabama, the government will assist you in making arrangements to do so with the United States Attorney's Office for the Northern District of Alabama.

As permitted by Rules 404(b) and 609, Fed. R. Evid., and as otherwise allowed by law, the United States intends to use at trial any and all prior convictions, crimes, wrongs, or acts of defendants. The United States will provide appropriate notice of any such evidence in accordance with the Local Rules.

The United States may call the following expert witnesses at trial:

1) Special Agent Tyler McCurdy, FBI, may testify to the effects of the execution of a Memorandum of Understanding between the State and Waste Management in July 1999. SA McCurdy's opinion is based on his education, training, experience, knowledge and participation in the investigation of the instant case;

2) Special Agent Keith Baker, FBI, may testify about transactions and summary reports generated from financial records obtained during the instant case;

3) Special Agent Jim Murray, FBI, may testify about transactions and summary reports generated from financial records obtained during the instant case;

4)  Investigator Bill Long, AAG's Office, may testify about transactions and summary reports generated from financial records obtained during the instant case;

5)  Investigator Jack Brennan, AAG's Office, may testify about transactions and summary reports generated from financial records obtained during the instant case;

6)  Dr. Jay K. Lindly may testify to matters involving the striping of highways including his report "Evaluation of Profile Pavement Markings";

7)  Don Vaughn may testify to the Internal Operating Procedures at the Alabama Department of Transportation and the method by which work product moves through the Department, to include contracting, invoicing, and disbursement of funds;

8)  Alva Lambert may testify about his responsibilities as Director of the Alabama Certificate of Need Review Board, as well as the Internal Operating Procedures, purposes, activities, rules, and regulations of the Board;

9)  Mark Wilkerson, Esq., may testify about his responsibilities as attorney for the Alabama Certificate of Need Review Board, including the training he gives to members of the Board as well as the Internal Operating Procedures, purposes, activities, rules, and regulations of the Board;

10) Jim Sumner may testify about his responsibilities as Director of the Alabama Ethics Commission, including the training he gives to members of the Certificate of Need Review Board as well as the Internal Operating Procedures, purposes, activities, rules, and regulations of the Commission;

11) David Denton may testify to general accounting principles, recording of financial data, and management of financial accounts, including those related to construction projects;

12) Sam Kassouf may testify to general accounting principles, recording of financial data, and reporting requirements under the Alabama Fair Campaign Practices Act;

13) Darin Cline may testify to the rules, regulations, policies, practices, and procedures, including fund raising, involved in the political process for state and federal elections;

14) Wade Hope may testify to the Internal Operating Procedures of the Alabama Department of Revenue as well as the regulations, rules, and policies pertaining to the taxation and assessment of waste, including hazardous waste, and to the rules,

-3-

regulations, and requirements under the Alabama Administrative Procedures Act;

15) Dr. Joyce Bigby may testify to the Internal Operating Procedure of the Alabama Legislature as well as the rules, regulations, operations and process for the introduction, negotiation, and passage of legislation in the Alabama Legislature;

16) Gerald Dial, may testify to the Internal Operating Procedure of the Alabama Legislature as well as the rules, regulations, operations and process for the introduction, negotiation, and passage of legislation in the Alabama Legislature; and

17) Special Agent Edwin J. Wynn may testify as a summary witness regarding records pertaining to Department of Transportation product usage.

Included in the discovery are transcripts relating to the audio taped evidence provided herewith. Please compare the transcripts to the audio tapes made in the investigation of this matter. If you disagree with the accuracy of these transcripts, please contact this office so that a stipulated transcript can be completed. Otherwise, the practice in this Circuit is for each side to produce its own version. See United States v. Hogan, 986 F.2d 1364 (11th Cir. 1993); United States v. Garcia, 854 F.2d 1280 (11th Cir. 1988).

Pursuant to Rules 16(b), (c), and (d), Fed. R. Crim. P., the Standing Order on Criminal Discovery issued February 4, 1999, and as otherwise provided by law, the United States hereby requests a copy of all discovery to which it is entitled by Wednesday, November 16, 2005.

Pursuant to Rules 16(e) and 12.1, Fed. R. Crim. P., and as otherwise provided by law, the United States hereby requests notice of any intent to use an alibi defense and the specific details surrounding the alibi defense. Pursuant to Rule 16(c), the United States requests this information be provided as soon as Defendant becomes aware of its existence, under the continuing duty to disclose this information. The specific times and dates of the offense are listed in the indictment, as well as the discovery material provided.

Finally, the government attorneys are aware of and intend to comply with the continuing duty to disclose discoverable information as required by Rule 16(c), Fed. R. Evid., and the Standing Order on Criminal Discovery issued February 4, 1999.

Please feel free to contact any attorney of record for the government at any time to discuss this case or if you have any questions about the discovery provided.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
Acting United States Attorney

By: *[signature]*
J.B. Perrine
Assistant United States Attorney

cc: Russell J. Drake
C. Redding Pitt
Leslie V. Moore
Mark D. McKnight
David McKnight
William J. Baxley