## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CRIMINAL NO. 2:05-CR-119-F** |
| | ) | |
| **DON EUGENE SIEGELMAN,** | ) | |
| **PAUL MICHAEL HAMRICK,** | ) | |
| **GARY MACK ROBERTS, and** | ) | |
| **RICHARD M. SCRUSHY.** | ) | |

## REPLY BRIEF OF DEFENDANT GARY MACK ROBERTS'
## IN SUPPORT OF HIS MOTION FOR SEVERANCE

Comes now Gary Mack Roberts, a defendant in the above-styled matter, by and through

his undersigned counsel and submits this Reply Brief in support of his Motion for Severance.

## OVERVIEW

Rules 8(b) (misjoinder) and 14 (prejudicial joinder) address different concerns. A
misjoinder claim questions 'whether the joining together of . . . two [or more]
defendants in a single trial is proper' in the first instance.  A prejudicial joinder
motion, on the other hand, 'assumes that the initial joinder was technically *proper*
and argues that the joinder of parties and/or offenses was unduly *prejudicial*.'

*United States v. Bryan*, 843 F.2d 1339 (11th Cir. 1988).  In the instant action there has been a

misjoinder and a prejudicial joinder such that the only appropriate remedy is a severance.

## I.  MISJOINDER UNDER RULE 8(B)

Rule 8(b) requires that in order for 2 or more defendants to be charged in the same

indictment, they must be "alleged to have participated in the same act or transaction, or in the

same series of acts or transactions".  *Fed.R.Crim.P.* Rule 8(b).  Rule 8 "sets the limits of

tolerance" beyond which the danger of prejudice outweighs the benefit, and any joinder which

does not fall within Rule 8 is impermissible. *King v. United States*, 355 F.2d 700, 703 (1st Cir. 1966).   The Government contends that simply by including a RICO count in the indictment a "unifying link" is provided so that it is proper to join the defendants. *Government's Brief* p. 4.[1] If this were true then there would be no RICO cases in which a severance was granted.   In other words, there would be no cases such as: *United States v. Bledsoe*, 674 F.2d 647, 656-657 (8th Cir. 1982) (reversing convictions based upon misjoinder of defendants in an indictment containing a RICO count); *United States v. Turkette*, 632 F.2d 896, 909-910 (1st Cir. 1980) reversed on other grounds, 452 US 576 (granting severance on misjoinder grounds despite the inclusion of a RICO count and noting that "[b]y inserting the RICO conspiracy charge, the government consolidated in one indictment acts and transactions which otherwise could not have been joined").

The focus of this Court's analysis is not on whether there is a RICO count in the indictment but instead whether "two or more defendants are alleged to have participated in the same act or transaction, or in the same series of acts or transactions...."[2]   Courts have recognized

---

[1] It has long been assumed that the advantages of a joint trial support a strong presumption in favor of joinder and against severance. "Thus, to prevail in a motion for severance, a defendant ordinarily 'must show that [he] could not possibly have a fair trial without a severance.'  However, the recent proliferation of complex, multi-defendant trials in this district and others, prompted in large part by RICO, has raised doubts about the foundations of this onerous burden. Some courts, when faced with a multitude of defendants indicted together under the expansive RICO umbrella, have questioned the wisdom of blindly embracing the purported advantages of a joint trial while, at the same time, disregarding the manifest difficulties presented by what is commonly called a 'mega-trial'." (citations omitted)  *United States v. Andrews*, 754 F. Supp. 1161, 1171 (D. Ill. 1990).

[2] Rule 8(b) does not define the terms "same act(s) or transactions(s)". This led Judge Friendly to refer to the "rule's rather inept drafting". *United States v. Granello*, 365 F.2d 990, 994 n.2 (2nd Cir. 1966).

that Rule 8(b) is a more stringent test than that provided for by Rule 8(a) because Rule 8(b) was enacted "to prevent the accumulation of prejudice that occurs when several defendants are charged with similar but unrelated offenses." *United States v. Avery*, 760 F.2d 1219, 1222 (11th Cir. 1985). Because this inherent prejudice increases exponentially in multi-defendant cases, Rule 8(b) was "designed to prevent 'mass trials.'" *United States v. Whitehead*, 539 F.2d 1023, 1026 (4th Cir. 1976).

Guidance from the Eleventh Circuit can be found in *United States v. Andrews*, 765 F.2d 1491 (11th Cir. 1985) holding that "[i]n considering the evidence or the indictment, the reviewing court must determine whether there was 'a substantial identity' of facts and participants between the offenses charged. The character of the acts must have been similar, and each of the actors must have known that he acted in furtherance of a common plan in which other participants were involved." See also, *United States v. Gentile*, 495 F.2d 626, 630 (5th Cir. 1974) (noting that "[w]hether or not separate offenses are part of a 'series of acts or transactions' under 8(b) depends in turn on the relatedness of the facts underlying each offense.") The focus therefore is on the facts underlying the charge that gives rise to joinder. In the instant action there is no allegation that Mack Roberts knew of or acted in furtherance of a common plan in which the other participants were involved. Therefore, severance is mandated.

The Government attempts to connect the defendants by painting with a broad brush: the enterprise is defined in the indictment as "the Executive Department of the State of Alabama" (see *Second Superceding Indictment* ¶1b) and it summarizes the charges as follows—"the entire case involves the sale of official action and influence by Defendants Siegelman, Hamrick and Roberts in exchange for money, property and other things of value from Defendants Scrushy and

3

others." (*Government's Brief* p. 26)  Upon closer examination, the charges against Mack Roberts

are unrelated and should be severed.  There is no allegation that Mack Roberts knew of or

participated in the issues related to the Certificate of Need Board; hazardous waste disposal fees

and taxes; alcoholic beverage regulation; municipal bond funding or state construction

contracting.  There is no allegation that Mack Roberts committed violations of the laws

concerning RICO; RICO conspiracy; Federal Funds Bribery; Conspiracy; Honest Services Wire

Fraud; Obstruction of Justice; or Extortion under Color of Official Right and by Fear of

Economic Harm.  Further, unlike defendants Siegelman, Hamrick and Scrushy, there is no

allegation that Roberts paid or solicited things of value from others.  In fact, if the allegations of

the indictment are assumed to be true, the person paying the alleged bribes in the Alabama

Department of Transportation portion of the Indictment has not only not been indicted but, in

fact, has been granted immunity.

　　　　While the federal RICO act expands the rules governing the joinder of offenses, it cannot

save the Government in the instant action.  The Government attempts to join Roberts with the

other defendants by noting that there is a common defendant in all of the counts, namely Don

Siegelman.  Such reasoning has been long ago refuted:

> When similar but unrelated offenses are jointly charged to a single defendant,
> some prejudice almost necessarily results, and the same is true when several
> defendants are jointly charged with a single offense or related offenses.  Rule 8(a)
> permits the first sort of prejudice and Rule 8(b) the second.  But the Rules do not
> permit cumulation of prejudice by charging several defendants with similar but
> unrelated offenses.

*Cupo v. United States,* 359 F.2d 990, 993 (D.C. Cir. 1966).  See also, *United States v. Hatcher*,

680 F.2d 438, 441 (6th Cir. 1982) (common defendant is not sufficient grounds for joinder of

otherwise unrelated counts); *Kotteakos v. United States*, 328 U.S. 750 (1946) (defendants have a right "not to be tried *en masse* for the conglomeration of distinct and separate offenses" even though one defendant was a common participant in each offense.) This Indictment improperly joins Mack Roberts with the other defendants and the other unrelated counts that are not the "same act(s) or transaction(s)". A severance must be granted on his behalf.

## II. PREJUDICE AND SEVERANCE UNDER RULE 14

In his initial Brief, Mack Roberts demonstrated that the current indictment violates the "reliable judgment" rule as set forth in *United States v. Blankenship*, 382 F.3d 1110 (11th Cir. 2004) and *Zafiro v. United States*, 506 U.S. 534 (1993). Even the Government admits that those cases establish that a severance is **mandated** when the reliable judgment rule is jeopardized. (*Government's Brief* p. 15) Roberts showed how the reliable judgment rule was violated in three separate and independent areas: 1) the evidence against one defendant overwhelms the de minimus evidence against the co-defendant; 2) the number of defendants and charges with different standards of proof make it nearly impossible for a jury to properly assess the guilt or innocence of each defendant independently; and 3) one defendant is charged with crimes significantly different from the other defendants. *Blankenship,* supra at 1123-1125.

In response the Government claims: neither Defendant Scrushy nor Defendant Roberts is a marginal defendant who will sit idly by through a lengthy trial, most of which will not concern him (*Government's Brief* p. 18); the trial will only last approximately two weeks (*Government's Brief* p. 19); the evidence is neatly compartmentalized (*Government's Brief* p. 19); and limiting instructions would be sufficient (*Government's Brief* p.21).

5

Limiting instructions–Curiously, the Government's own brief admits that the

circumstances asserted by Roberts are situations in which severance is required. Then the

Government claims that limiting instructions would be sufficient. (*Government's Brief* p.15 vs.

*Government's Brief* pp.19-21) Not only is the Government's assertion contrary to the law of this

Circuit, it is naive. See, *Blankenship*, supra at 1122-23 (holding that the two situations set forth

in *Zafiro* are circumstances where "severance is **the only permissible remedy**"). As noted in

*United States v. Bufalino*, 285 F.2d 408, 417 (2d Cir. 1960), to indulge in the supposition "that

jurors can properly assess such [voluminous] evidence and determine from it the individual guilt

of each of many defendants," is perhaps "somewhat naive." "There have been eloquent voices,

such as that of Learned Hand, which have argued that many instructions are a 'placebo,' because

'relatively few persons have any such power to disregard evidence, involving as it does a

violence to all our habitual ways of thinking,' and because such evidentiary distinctions require

of the jury 'a mental gymnastic which is beyond, not only their powers, but anybody else's.'"

*United States v. Gallo*, 668 F. Supp. 736, 753 (D.N.Y. 1987)[3] Under the circumstances presented

in this case, severance is the only possible remedy.

Two week trial–The Government's estimate of a two week trial is wishful thinking.

Given the celebrity status of defendants Siegelman and Scrushy coupled with the breadth of

---

[3] The *Gallo* Court went on to state that: "[i]n a serpentine case such as this, there will
invariably be a great many instances in which the court will at trial admit evidence as to some
defendants but not others. Similarly, the court will admit certain evidence as to some counts and
predicate acts and not as to the rest. There will be numerous instances where 'selective'
admission will be allowed of declarations against interest, admissions of a defendant, similar past
offenses, and coconspirators' statements. These evidentiary discriminations often result in
prejudice to the defendant against whom the proof is inadmissible." *United States v. Gallo*, 668
F. Supp. 736, 751 (D.N.Y. 1987)

6

topics covered by the indictment, the voir dire alone will take a significant amount of time.

Further, the Government has identified numerous expert witnesses and produced over a million

pages of documents. The Government's time estimate must assume that defense counsel will not

cross-examine witnesses. As noted in *United States v. Casamento*, 887 F.2d 1141, 1152 (2d Cir.

1989), "the judge need not accept the [prosecutor's] estimate without question but should be free

to make an independent assessment based on various factors including the number of defendants,

the time and territorial scope of the crimes charged, the number of witnesses likely to be called,

and the number and size of exhibits likely to be introduced...." Logic dictates that the trial will

last longer than the Government's estimates which are historically low, sometimes much too low.

See, *United States v. Badalamenti*, 626 F.Supp. 659 (S.D.N.Y. 1986) (the Government had

originally estimated that the trial would take four to six months; it took seventeen).

Marginal Defendants-The Government offers the bare assertion that neither Scrushy nor

Roberts are marginal defendants. However, they offer nothing to support this allegation. As the

old saying goes, your actions speak louder than your words. When looking at the Government's

indictment, Roberts is a marginal defendant. When looking at the expert witness list, Roberts is

a marginal defendant. When looking at the discovery the Government has produced, Roberts is a

marginal defendant. When looking at the number and type of charges, Roberts is a marginal

defendant. As was succinctly stated in *United States v. Andrews*, 754 F. Supp. 1161, 1171-1172

(D. Ill. 1990): "[a] careful review of these difficulties reveals a point of diminishing returns with

respect to the net benefits of a joint trial as the number of defendants and complexity of the

indictment increases. Accordingly, at some point, the oft-cited advantages of a joint trial are

outweighed by the manifest disadvantages of a large and protracted trial."

7

> Absent severance, these defendants would face a lengthy trial that would include evidence of a RICO enterprise in which none of them is charged with participating. This evidence might prejudice these defendants significantly because the trial would include a great deal of evidence about an organized crime enterprise and its operations which would not be presented at a separate trial and which is not alleged to have been part of their criminal activity. Thus, there is clear potential for spillover prejudice in this case. Nor, as the government's proposal clearly concedes, is there any reason to subject these defendants to a lengthy RICO trial, much of which will have nothing to do with them.

*United States v. Locascio*, 357 F. Supp. 2d 536, 544 (D.N.Y. 2004) (the severance motions of the three defendants not charged in the RICO counts were granted.)   Until the Government presents something other than a sentence in a brief, Mack Roberts is a marginal defendant whose case should be severed.

Neatly compartmentalized evidence–The Government asserts that the evidence against Roberts is neatly compartmentalized.  That is not the way it is presented in the discovery production.  Finding evidence that relates to Mack Roberts is like searching for a needle in a haystack within the voluminous production.  But even if this were true, this supports Roberts' position with regard to severance as his case could be easily severed so that he would not be subjected to the irrelevant materials unrelated to him and we could all have confidence that the verdict rendered in his case would be reliable.  Guilt and innocence is both individual and personal. *Kotteakos v. United States*, 328 U.S. 750, 773 (1946). Thus, a defendant charged with committing crimes is entitled to a separate trial for each crime that is not "substantially part of the same transaction," *McElroy v. United States*, 164 U.S. 76, 17 S. Ct. 31, 41 L. Ed. 355 (1896). One who is accused with others, has "the right not to be tried en masse for the conglomeration of distinct and separate offenses committed by others." *Kotteakos*, supra, 328 U.S. at 775.  As summarized in *United States v. Gallo*, 668 F. Supp. 736, 753 (D.N.Y. 1987):

8

> [a]lthough the assumption has traditionally been strongly in favor of a joint trial on a well-pleaded indictment, particularly in a RICO conspiracy where all the defendants are implicated in the enterprise activities as a whole, "there are limits to the risks a co-defendant must endure." *United States v. Figueroa*, 618 F.2d 934, 944 (2d Cir. 1980). Those limits have been reached here with respect to several of the defendants, on the basis of the combination of factors discussed above. Rule 14 thus counsels strongly in favor of certain severances..... In this way, severance may in fact be *beneficial* to the government, in that it might be "much wiser" to break up these huge cases. *United States v. Sperling*, 506 F.2d 1323, 1341 n.25 (2d Cir. 1974), *cert. denied*, 420 U.S. 962, 95 S. Ct. 1351, 43 L. Ed. 2d 439 (1975).

To ensure that Mack Roberts is given the fair trial that he is entitled to under the Sixth

Amendment, Roberts respectfully requests that this Court exercise its discretion in favor of

severing him for trial or in the alternative severing Counts Eighteen through Thirty-Three for

trial.

## CONCLUSION

While all the parties have gone to great lengths to dissect Rules 8 and 14, each must be

interpreted in light of Rule 2 of the *Federal Rules of Criminal Procedure*, which provides that:

> These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.

Similarly, the *ABA Standards for Criminal Justice, Joinder and Severance* § 13-3.1(b)(1) (1980)

provides that a severance should be granted whenever it "is deemed to promote a fair

determination of a defendant's guilt or innocence of each offense". Under the facts and

circumstance of the instant action Mack Roberts is entitled to a severance under the principles of

law and fairness. A joint trial would prevent a jury from making a reliable judgment about his

guilt or innocence. Wherefore, Roberts respectfully moves this Honorable Court to enter an

9

Order severing him for trial, or in the alternative severing Counts Eighteen through Thirty Three

for trial.

Respectfully submitted this the 18th day of January, 2006.

/s/ David McKnight
David McKnight
Attorney for Gary Mack Roberts
BAXLEY, DILLARD, DAUPHIN, MCKNIGHT
AND BARCLIFT
2008 Third Avenue South
Birmingham, AL 35233
Telephone: (205)271-1100
Fax: (205)271-1108

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ David McKnight
Of Counsel