IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CRIMINAL NO. 2:05-CR-119-F |
| | ) | |
| DON EUGENE SIEGELMAN, | ) | |
| PAUL MICHAEL HAMRICK, | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY. | ) | |

### DEFENDANT GARY MACK ROBERTS' MOTION FOR A BILL OF PARTICULARS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Comes now Gary Mack Roberts, a defendant in the above-styled matter, by and through his undersigned counsel and submits this Motion for a Bill of Particulars and Memorandum of Law in Support Thereof. Specifically Roberts seeks two categories of information: 1) the identity of unnamed persons and 2) the requisite details of the alleged crimes.

### OVERVIEW

Rule 7(f) of the *Federal Rules of Civil Procedure* authorizes a Court to direct the filing of a bill of particulars. The purpose of the Rule, as amended in 1966, is "to encourage a more liberal attitude by the courts toward bills of particular." Note of Advisory Committee, *Red.R.Crim.P.* 7. The purpose of a bill of particulars, as set out by the Eleventh Circuit, "is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985). "The test in passing on a motion for bill of particulars should be whether it is

necessary that defendant have the particulars sought in order to prepare his defense and in order that prejudicial surprise be avoided." C. Wright, *Federal Practice and Procedure: Criminal* § 129 (1969). "A bill of particulars is available to any defendant who desires more information." *Reid v. United States*, 233 F.Supp 314, 316 (S.D.Ala. 1964).

Although the granting or refusal of a motion for a bill of particulars rests within the sound discretion of the trial court, there is "no discretion to disregard the requirements of the Sixth Amendment that the accused shall be informed of the nature and cause of the accusations against him fully enough to enable him to prepare his defense and definite and certain enough that he may be protected by a plea of former jeopardy against another prosecution for the same offense." *Williams v. United States*, 164 F.2d 302, 304 (5th Circuit 1947).[1] Clearly, under the laws of our nation, a defendant has a constitutional right to "be informed of the nature and cause of the accusations." *Sutton v. United States*, 157 F.2d 661, 663 (5th Cir. 1946); *United States v. Jaswal*, 47 F.3d 539, 543 (2nd Cir. 1995) (quoting *United States Constitution,* Amendment VI).

While it is not a cure for a deficient indictment, the courts have made clear that the basic principle governing a request for a bill of particulars is to identify with sufficient particularity the nature of the charge pending against him to prepare a defense and to prevent surprise at trial. See *United States v. Gordon,* 780 F.2d 1165, 1172 (5th Cir. 1986); *Russell v. United States,* 369 U.S. 749 (1962) (invalid indictment cannot be cured by bill of particulars). A defendant's need to know the evidentiary details establishing the facts of his alleged offense is remedied by a bill of particulars. *United States v. Panzavecchia,* 421 F.2d 440, 442 (5th Cir. 1970).

---

[1] The Eleventh Circuit held, in *Bonner v. City of Prichard*, that decisions of the Fifth Circuit handed down prior to September 30, 1981, are binding as precedent in the Eleventh Circuit. 661 F.2d 1206, 1207 (11th Cir. 1981).

A.     **MACK ROBERTS IS ENTITLED TO A BILL OF PARTICULARS IDENTIFYING UNNAMED INDIVIDUALS IN THE INDICTMENT.**

"A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses." *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979). It is common for a court to require the government to provide a defendant with a bill of particulars disclosing the names of some potential witnesses. *Will v. United States,* 389 U.S. 90, 99 (1967); *Barrentine,* 591 F.2d at 1077. The reason for requiring this is not because they will or may be witnesses, but because the defendant needs "identification of the times, places and persons present in order to prepare his defense." *Will,* 389 U.S. at 101.

Paragraphs 69 and 71 of the Second Superceding Indictment, which relate to Counts 18 through 33 in which Roberts is charged, contains references to "others known and unknown" who are not otherwise identified in the indictment. In light of the lengthy period of time encompassed by the second superseding indictment (from 1998 through 2003) and the multitude of acts and events alleged to comprise the illegal conduct by the Defendant and other individuals, the names of the alleged co-conspirators and aiders and abetters, at a bare minimum, are essential to Defendant's ability to prepare to defend against these charges. "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation." *United States v. Anderson,* 799 F.2d 1438, 1441 (11th Cir. 1986) citing *United States v. Colson,* 662 F.2d 1389, 1391 (11th Cir. 1981). "A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses. It is not uncommon for the trial judge to require the government to disclose their names when information is necessary in a defendant's preparation for trial." *United States*

3

*v. Barrentine,* 591 F.2d 1069, 1077 (5th Cir. 1979) citing *Will v. United States,* 389 U.S. 90, 99 (1967). Accord *United States v. Hughes,* 817 F.2d 268, 272 (5th Cir. 1987) and *Anderson,* 799 F.2d at 1442 n.5.

### B. MACK ROBERTS IS ENTITLED TO A BILL OF PARTICULARS IDENTIFYING THE REQUISITE DETAILS OF THE CHARGES IN THE INDICTMENT.

"The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare his defense, and to avoid or minimize the danger of surprise at trial." *United States v. Bearden,* 423 F.2d 805, 809 (5th Cir. 1970). Stated another way, "the principal function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been indicted, especially in instances where the indictment itself does little more than track the language of the statute allegedly violated." *United States v. Salazar,* 485 F.2d 1272, 1278 (2nd Cir. 1973). No where in the indictment does the Government allege the specific duty that Roberts is alleged to have violated. In *United States v. Brumley,* 116 F.3d 728 (5th Cir. 1997) the Fifth Circuit held:

> We decide today that services must be owed under state law and that the government must prove in a federal prosecution that they were in fact not delivered... We begin with the plain language of the statute. There are two words -- "honest" and "services." We will not lightly infer that Congress intended to leave to courts and prosecutors, in the first instance, the power to define the range and quality of services a state employer may choose to demand of its employees. We find nothing to suggest that Congress was attempting in § 1346 to garner to the federal government the right to impose upon states a federal vision of appropriate services -- to establish, in other words, an ethical regime for state employees. Such a taking of power would sorely tax separation of powers and erode our federalist structure. Under the most natural reading of the statute, a federal prosecutor must prove that conduct of a state official breached a duty respecting the provision of services owed to the official's employer under state law. Stated directly, the official must act or fail to act contrary to the requirements of his job under state law. This means that if the official does all that is required

> under state law, alleging that the services were not otherwise done "honestly" does not charge a violation of the mail fraud statute. The statute contemplates that there must first be a breach of a state-owed duty. It follows that a violation of state law that prohibits only appearances of corruption will not alone support a violation of §§1343 and 1346.

*Brumley*, at 734. In addition, the Government has failed to allege how the mailings in question are connected to the alleged scheme. *Parr v. United States*, 363 U.S. 370 (1960).[2] As noted in *United States vs. Evans*, 148 F.3d 477 (5th Cir. 1998) "Congress could have drafted the mail fraud statue so as to require only that the mails be in fact used as a result of the fraudulent scheme. But it did not do this, instead, it required that the use of the mails be 'for the purpose of executing such scheme or artifice...'" *Evans*, at 482. Under the Indictment as presently written, Roberts cannot adequately prepare his defense and be free from surprise at trial under the various and vague assertions contained in the Indictment, nor is he free from the threat of double jeopardy down the road.

### C. MACK ROBERTS IS ENTITLED TO A DEFINITION OF SPECIFIC TERMS USED IN THE INDICTMENT.

The Eleventh Circuit recently affirmed the importance of specifying questioned terms in a bill of particulars in *United States v. Chandler*, 376 F.3d 1303 (11th Cir. 2004). The indictment in *Chandler* charged that the defendants conspired to represent themselves fraudulently as

---

[2] In *Parr* the Supreme Court held: "Thus, as its terms and purpose make clear, 'the federal mail fraud statute does not purport to reach all frauds, but only those limited instances in which the use of the mails is a part of the execution of the fraud, leaving all other cases to be dealt with by appropriate state law.' *Kann v. United States*, 323 U.S. 88, 95. Therefore, only if the mailings were 'a part of the execution of the fraud,' or, as we said in *Pereira v. United States*, 347 U.S. 1, 8, were 'incident to an essential part of the scheme,' do they fall within the ban of the federal mail fraud statute." *Parr,* at 389-390.

"legitimate winners" when they checked the box on a McDonald's prize redemption form to indicate that they obtained their game stamps through "authorized, legitimate channels". *Id.* at 1311. Defendant filed a Motion for Bill of Particulars, asking the government to define the terms "legitimate" and "illegitimate" winner as used in the indictment. The trial court granted the motion and the Eleventh Circuit approved, stating, "The Court, in granting defendants' motion for a bill of particulars, noted the importance of defining the term 'legitimate in a criminal prosecution and held that the government's definition was binding upon them." *Id.* at 1307 n.7. Following *Chandler,* Defendant is entitled to have the Government inform him of the terms used in the charges against him "with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985).

### D.     PARTICULARS REQUESTED.

Based on the foregoing authorities, Defendant respectfully requests the following particulars as to specific references in specific paragraphs of the second superseding indictment:

1. The identity of "others known and unknown to the Grand Jury" at page 41, ¶ 69 and 71.

2. To identify what specific duty was owed specifically under State law that forms the basis for the alleged deprivation of "honest services" as alleged at page 41, ¶ 69.

3. To identify how the mailings alleged at page 42, Counts 18 through 33, are connected to the alleged scheme.

4. To identify the "certain bridges affected by prospective Alabama road construction contracts" as alleged at pages 23-24, ¶¶45(a)(b) and (h).

5. To identify the "ALDOT specifications" the Government is alleging at pages 24-25, ¶45(b)(h) and (j).

6. To identify what "business interests" the Government is talking about as alleged at pages 23-24, ¶45(a)(b)(h)(I) and (j).

7. To identify when, where and how Siegelman and Allen "would and did make Gary Mack Roberts aware of the scheme" as alleged at page 24, ¶45(e).

## CONCLUSION

Based on the foregoing argument and authorities, Defendant respectfully prays that this Court enter an Order pursuant to *Fed.R.Crim.P.* 7(f) directing the Government to provide Defendant with a Bill of Particulars responding to Defendant's Requests numbered 1-7 above, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted this the 13th day of February, 2006.

           /s/ David McKnight
          David McKnight
          Josh Briskman
          Attorneys for Gary Mack Roberts
          BAXLEY, DILLARD, DAUPHIN, MCKNIGHT
            AND BARCLIFT
          2008 Third Avenue South
          Birmingham, AL  35233
          Telephone: (205)271-1100
          Fax: (205)271-1108

## CERTIFICATE OF SERVICE

    I hereby certify that on February 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                              /s/ David McKnight
                                        Of Counsel