IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CRIMINAL NO. 2:05-CR-119-F |
| | ) | |
| DON EUGENE SIEGELMAN, | ) | |
| PAUL MICHAEL HAMRICK, | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY. | ) | |

## DEFENDANT GARY MACK ROBERTS'
## MOTION TO DISMISS

Comes now Gary Mack Roberts (hereinafter "Roberts"), a defendant in this case, and moves this Honorable Court to dismiss Count 2 and Counts 18 through 33 of the Second Superceding Indictment as to him. As grounds and in support thereof, Roberts states as follows:

1.  Count Two and Counts 18 through 33 of the Second Superceding Indictment do not allege facts, which if proven at trial, would continue a prosecutable offense as to Roberts. *See generally United States v. Cure*, 804 F.2d 625, 627 (11th Cir. 1986) (holding a district court must dismiss an indictment that does not state a prosecutable offense); *see also United States v. Coia*, 719 F.2d 1120, 1123 (11th Cir. 1983) (stating "[i]t is perfectly proper, and in fact *mandated,* that the district court dismiss an indictment if the indictment fails to allege facts which constitute a prosecutable offense." (emphasis added)).

2.  The indictment alleges violations of 18 U.S.C. §§ 2, 1341 & 1346. Paragraph 43 of the indictment reads:

> From on or about October 15, 1998, and continuing through on or about January 20, 2003, in the Middle District of Alabama and elsewhere, defendant Don Eugene Siegelman aided and abetted by Gary Mack Roberts and others known and unknown

>to the Grand Jury, knowingly and willfully devised and intended to devise a scheme and artifice to defraud and deprive the State of Alabama of its right to the honest and faithful services of Don Eugene Siegelman as Governor of the State of Alabama and of Gary Mack Roberts as Director of the Alabama Department of Transportation (hereafter sometimes "ALDOT"), performed free from deceit, favoritism, bias, self-enrichment, self dealing, and conflict of interest concerning ALDOT.

Second Superseding Indictment at Paragraph 43.

3. The quoted language is clearly an attempt by the government to allege violations of 18 U.S.C. 1346 which states, "[f]or the purposes of this chapter [18 USCS §§ 1341], the term 'scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services." *Id*.

4. However, instead of alleging only a deprivation of honest services as set out in 18 U.S.C. 1346, the government alleges a deprivation of "the honest **and faithful** services of" Siegelman and Roberts. The surplusage of "and faithful" alters the very nature of the allegation to the point where it no longer constitutes a violation of 1346.

5. The word "and" can grammatically correctly be construed as the word "or." *See* Black's Law Dictionary, 5th ed.

6. Assuming such a construction by a juror, a jury could find a deprivation of some so-called "faithful" service and convict on that basis without believing a deprivation of honest services had occurred, as required by the statute. Therefore, a jury could convict on the basis of activity which does not constitute a defense.

7. Such a vagary demands dismissal as the dichotomy between § 1346's language and that of the indictment results in the possibility for conviction on facts which do not constitute an offense.

8.  In *United States v. Adkinson*, 135 F.3d 1363 (11th Cir. 1998), the government was permitted to try its case under an indictment which failed to allege a breach of law in four counts. The Eleventh Circuit held that circumstance to be reversible error. In *Adkinson*, the court noted, "[i]n order to be valid, an indictment must allege that the defendants performed acts, which if proven, constitute the violation of law for which they are charged." citing *United States v. Polychron*, 841 F.2d at 833. Further "[a]n indictment should be tested against the law 'as we find it on the date of our decision.'" *Adkinson* at 1372 (quoting *United States v. City of Philadelphia*, 644 F.2d 187, 192 n.3 (3rd Cir. 1980)). Here the indictment has a plain defect in that it can be construed to allege circumstances which do not constitute a legal offense.

9.  Further, special scrutiny should be applied to the misrepresentation of the elements of 18 U.S.C. § 1346 in the indictment. 18 U.S.C. § 1346 is, of course, an extension of the mail fraud statute in that it eliminated the requirement of a tangible loss to sustain an offense under the mail fraud statute, and instead caused a deprivation of so-called "honest services" to form the basis of a conviction. *See generally* Blumel, Ryan *Mail and Wire Fraud* 42 American Criminal Law Review 677, 682-83 (2005). Thus, the additional term "and faithful" in the indictment is especially troubling because it amounts to an extension beyond the out limits which Congress has proscribed.

10. Criminal statutes are to be construed strictly in favor of the accused. *See United States v. Lanier*, 520 U.S. 259, 266 (1997) (stating "as a sort of 'junior version of the vagueness doctrine,' H. Packer, The Limits of the Criminal Sanction 95 (1968), the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered").

3

11. The additional terms included in the indictment are inapposite to the objective of such a construction in that it creates a high degree of ambiguity as to what the charges against Roberts actually are. This risk of confusion demands dismissal of the indictment.

12. The result of not dismissing the indictment is that the statute may be read too broadly as to encompass a crime for a deprivation of "faithful services" instead of "honest services." This broad of a construction is distressing, as 18 U.S.C. § 1346 as written has been the subject of concern over being read too broadly *as it actually appears*. *See United States v. Rybicki,* 354 F.3d 124, 135 (2nd Cir 2003) noting:

> United States v. Sun-Diamond Growers, 329 U.S. App. D.C. 149, 138 F.3d 961, 973 (D.C. Cir. 1998) (recognizing "the risk that federal criminal liability could metastasize" if § 1346 were read too broadly); Frost 125 F.3d at 365-69 (noting breadth of literal terms of § 1346 and discussing various approaches to defining reach of statute); *United States v. Cochran*, 109 F.3d 660, 667 (10th Cir. 1997) (observing that "it would give [the court] great pause if a right to honest services is violated by every breach of contract or every misstatement made in the course of dealing"); *United States v. Czubinski*, 106 F.3d 1069, 1077 (1st Cir. 1997) (noting that Congress did not enact § 1346 "to create what amounts to a draconian personnel regulation"); *United States v. Jain*, 93 F.3d 436, 441-42 (8th Cir. 1996) (discussing problems with extending "honest services" doctrine to private sector); cf. United States v. Sawyer, 85 F.3d 713, 728 (1st Cir. 1996) (holding, in context of misconduct by state government employees, that "to allow every transgression of state governmental obligations to amount to mail fraud would effectively turn every such violation into a federal felony; this cannot be countenanced").

*United States v. Rybicki,* 354 F.3d 124, 135 (2nd Cir 2003).

13. An indictment need do little more than track the language of the statute charged to be sufficient. *United States v. Stavroulakis*, 952 F.2d 686, 693 (2nd Cir. 1992). A count does not state an offense if it does not state all of the elements of the offense charged. *Hamling v. United States*, 418 U.S. 87 (1974). An indictment is generally constitutionally sufficient *if it sets forth the offense in the words of the statute itself*, as long as those words of themselves fully, directly, and

expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute an offense under the laws of the United States. *United States v. Ramos*, 666 F.2d 469, 474 (11th Cir. 1982) (emphasis added). As the language in the indictment fails to unambiguously state the law, dismissal is proper.

14.  Further, dismissal is also warranted as the indictment fails to state when Roberts was let in on the alleged scheme. A fair reading of the indictment does not reveal if Roberts was ever told of the alleged arrangement between Defendant Siegelman and Jim Allen at the time of the acts constituting the basis of counts. This is a fatal defect as Roberts, according to the indictment, could have performed acts which are the basis of the charges without any intent or knowledge, which are elements of the charges against him.

15.  Finally, the indictment fails to allege that Roberts' acts, if any, were "material" to supposed "scheme." *Neder v. United States*, 527 U.S. 1, 20-25 (1999) (holding that common law meaning, which includes materiality, should be applied to relevant federal fraud statutes).

Respectfully submitted this the 13th day of February, 2006.

                                         /s/ David McKnight  
                                         David McKnight  
                                         Josh Briskman  
                                         Attorneys for Gary Mack Roberts  
                                         BAXLEY, DILLARD, DAUPHIN, MCKNIGHT  
                                                         AND BARCLIFT  
                                         2008 Third Avenue South  
                                         Birmingham, AL  35233  
                                         Telephone: (205)271-1100  
                                         Fax: (205)271-1108

## CERTIFICATE OF SERVICE

  I hereby certify that on February 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

              /s/ David McKnight
              Of Counsel