IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | CRIMINAL NO. 2:05-CR-119-F |
| ) | |
| DON EUGENE SIEGELMAN, ) | |
| PAUL MICHAEL HAMRICK, ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY. ) | |

### DEFENDANT GARY MACK ROBERTS' MOTION FOR A JAMES HEARING TO DETERMINE THE ADMISSIBILITY OF STATEMENTS

Comes now the Defendant, **GARY MACK ROBERTS,** and moves this Honorable Court to grant a James Hearing to determine the admissibility of named and unnamed co-conspirators statements. As grounds for and in support of the said Motion, counsel for the Defendant would show unto this Court as follows:

1. Admittedly, the Defendant is not charged in any conspiracy count of the indictment. However, Count 1 of the Second Superceding Indictment (hereinafter "Indictment") contains a RICO Conspiracy Count which incorporates Count 2 of the Indictment which is a RICO Count. Count 2 of the Indictment contains the identical allegations in paragraph 46 as set forth in Counts 18-33 of the Indictment. In fact, this is one of the grounds the Government asserted in opposition to Roberts' Motion for Severance and was relied on by this Court in its Order denying Roberts' Motion ("the actions of both Scrushy and Roberts form the basis of two predicate racketeering acts alleged in the RICO conspiracy." Memorandum Opinion and Order-Document 115 p. 9).

2. Defendant's concern arises from the fact that though he is not a member of the conspiracy, evidence could be introduced in the RICO conspiracy count which has a direct bearing on the predicate acts related to Mack Roberts and thereby a direct relation to the substantive Counts 18-33 in which the Defendant is named. For instance, what if a "co-conspirator" makes a statement affirming the Government's allegations that Don Siegelman, aided and abetted by Mack Roberts, committed the act specified in predicate act 5(l) (p.26). This evidence would be used (or could be interpreted by the jury) in a highly prejudicial manner to buttress Count 18 of the indictment which contains the identical allegation. Roberts would be deprived of his right to cross examine the declarant without even being a member of the conspiracy.

3. Rule 104(a) of the *Federal Rules of Evidence* requires that the Judge alone make a determination as to the admissibility of evidence, not the jury. This is clearly applicable to hearsay statements sought to be introduced under Rule 801(d)(2)(e) ("a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy").

4. The Defendant would be greatly prejudiced by the admission during the trial of out-of-court statements made by alleged named or unnamed co-conspirators, especially since he is not named in the conspiracy, without a pretrial hearing to determine the admissibility of such statements. There is an inherent danger that such statements might be admitted in anticipation of a later showing or offer of proof of a conspiracy that never materialized. See, *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

5. Both the Fifth and Eleventh Circuits have endorsed a preferred order of proof in which the trial judge makes a pre-trial determination of co-conspirator declaration admissibility

before the alleged hearsay statement is introduced to the jury. See, *James,* supra; *United States v. Lippner,* 676 F.2d 456 (11th Cir. 1982).

6. A pretrial hearing to determine the admissibility of out-of-court statements made by alleged named and unnamed co-conspirators will not only prevent a possible mistrial due to prejudice in having admitted such statements without the proper foundation or proof; but is also necessary in this case because of the number of defendants, and the number of alleged overt acts involving both indicted and unindicted, named and unnamed co-conspirators, which allegedly occurred over a five year period.

7. In any event, because of the very nature of the allegations, Roberts submits that his right to a fair trial will be undermined without a pretrial hearing to determine the admissibility of named and unnamed co-conspirators' statements.

WHEREFORE, the premisses considered, Roberts respectfully moves this Honorable Court to conduct a pretrial hearing to determine the admissibility of named and unnamed co-conspirators' statements that might be admitted with regard to the Racketeering Acts 5(e) through 5(kk).

Respectfully submitted this the 13th day of February, 2006.

/s/ David McKnight
David McKnight
Josh Briskman
Attorneys for Gary Mack Roberts
BAXLEY, DILLARD, DAUPHIN, MCKNIGHT
  AND BARCLIFT
2008 Third Avenue South
Birmingham, AL 35233
Telephone: (205)271-1100
Fax: (205)271-1108

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                           /s/ David McKnight
                                      Of Counsel