# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CR NO. 2:05-cr-119-F** |
| **v.** | ) | |
| | ) | |
| **DON EUGENE SIEGELMAN, et al** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT DON E. SIEGELMAN'S MOTION TO DISMISS COUNTS THREE AND FOUR OF THE INDICTMENT BASED ON MULTIPLICITY

COMES NOW Governor Don Siegelman, by and through his undersigned counsel of record, and moves this Court pursuant to Fed. R. Crim. P. 12(b)(3)(B) for entry of an Order dismissing Counts Three and Four of the second superseding indictment or, in the alternative, requiring the Government to elect which of those two Counts to proceed on while moving to dismiss the remaining Count. In support of this request, Defendant respectfully shows this Court the following:

1. Count Three of the second superseding indictment (hereinafter "indictment") charges both Governor Siegelman and co-Defendant Scrushy with violations of 18 U.S.C. §§ 2 and 666(a)(l)(B), based essentially on an allegation that Governor Siegelman "corruptly solicited, demanded, accepted, and agreed to accept $500,000 from defendant RICHARD M. SCRUSHY, intending to be influenced and rewarded in connection with the appointment of defendant RICHARD M. SCRUSHY to the CON Board." (Doc 61, ¶ 49).

2. Count Four of the indictment charges both Governor Siegelman and co-Defendant Scrushy with violations of 18 U. S. C. §§ 2 and 666(a)(2), based essentially on an allegation that "defendant Scrushy corruptly gave, offered, and agreed to give $500,000 to defendant DON 'EUGENE SIEGELMAN, Governor of the State of Alabama, intending to influence and reward defendant DON EUGENE SIEGELMAN in connection with the appointment of defendant RICHARD SCRUSHY to the CON Board." (Doc 61, ¶ 51.) The indictment appears to allege that Defendant Scrushy was the principal, and that Governor Seigelman was the aider and abettor. *(Id.)*

3. It is apparent from the face of the indictment that Counts Three and Four relate to the same transaction: the alleged solicitation and payment of $500,000 to influence and reward Governor Siegelman "in connection with the appointment of defendant RICHARD SCRUSHY to the CON Board.." *(Id.* at ¶'s 49 and 51.)

4. Governor Siegelman respectfully submits that Counts Three and Four are multiplicitous in that they charge him with a single offense in more than one count and expose him to the possibility of double punishment for commission of a single act.  Further, to prosecute Governor Siegelman as both a principal for allegedly receiving a bribe and an aider and abettor for allegedly receiving the very same bribe is fraught with the probability of prejudicing Governor Siegelman in the eyes of the jury by charging him with multiple crimes for the same transaction, as well as confusing the jury by charging Defendant as both a principal and an aider and abettor in regard to the same transaction.

## Argument and Citation of Authority

The Eleventh Circuit summarized succinctly the rule governing multiplicity in its decision in *United States* v. *Glanton,* 707 F.2d 1238 (11th Cir. 1983):

> "Multiplicity" is the charging of a single offense in more than one count. *Ward* v. *United States,* 694 F.2d 654, 660-61 (11th Cir. 1983); *United States* v. *Hearod,* 499 F.2d 1003 (5th Cir. 1974). "[T]he test to be applied to

> determine whether there are two offenses or only one, is whether each
> provision requires proof of a fact which the other does not." *BlockbUJ'ger* v.
> *United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182,76 L.Ed. 306 (1932).

*Glanton,* 707 F.2d at 1240. *See also United States* v. *Pierce,* 733 F.2d 1474, 1476 (11th

Cir. 1984) (citing *United States* v. *Sue,* 586 F.2d 70, 72 (8th Cir. 1978).

In *United States v. Eaves,* 877 F.2d 943 (11th Cir. 1989), the Eleventh Circuit concluded

that two counts of an indictment were multiplicitous because they charged payments of two

different days relating to the same bribery transaction as two separate violations of the Hobbs

Act, 18 U.S.C. § 1951(a). In reaching this conclusion, the Court noted:

> The concept of multiplicity arises from charging a single offense in more
> than one count.. .. The Supreme Court's articulation of this concept in the
> seminal case of *Blockburger* v. *United States,* 284 U.S. 299, 52 S.Ct. 180, 76
> L.Ed 306 (1932), distinguished between those offenses which by their nature
> are continuous and those which are *uno actu.* " '[W]hen the impulse is single,
> but one indictment lies, no matter how long the action may continue. If
> successive impulses are separately given, even though all unite in swelling a
> common stream of action, separate indictments lie.' " 284 U.S. at 302, 52
> S.Ct. at 181 (quoting Wharton's Criminal Law, § 34).

*Eaves,* 877 F.2d at 947 (citation omitted).

There are two significant ways that the Government's decision to charge Governor

Siegelman in two separate counts for the same transaction works to prejudice Defendant. In

*United States* v. *Hearod,* 499 F.2d 1003 (5th Cir. 1974), the former Fifth Circuit identified the

first as: "The principal danger raised by a multiplicitous indictment is the possibility that the

defendant will receive more than one sentence for a single offense." 499 F.2d at 1005 (citing I C.

Wright, Federal Practice and Procedure § 145, at 336 (1969)). The Court in *Hearod* goes on to

identify the second source of prejudice:

> The second hazard is that the repeated assertion of the details of a singular
> course of conduct in multiple counts will prejudice the defendant and
> confuse the jury by suggesting that not one but several crimes have been
> committed. *United States* v. *Ketchum,* 320 F.2d (2d Cir.), *cert. denied,* 375
> U.S. 905, 84 S.Ct. 194, 11 L.Ed.2d 145 (1963).

*Hearod,* 499 F .2d at 1005. *See also Sue,* 586 F .2d at 71 ("There are two principal

sources of prejudice. The source relied on by Sue is that 'the prolix pleading may have some psychological effect upon a jury by suggesting to it that defendant has committed not one but several crimes .... The theory is that the jury's deliberations as to all counts (not just the mutiplicious counts) may be tainted by the multiplicity." (citations omitted)) Here the potential for both types of prejudice is patent. The Government has taken a single transaction and charged it two different ways. As a consequence, Defendant is facing two sentences for the same alleged act, *"uno actu"* within the meaning of *Blockburger,* and the jury will be psychologically impacted by the suggestion that Governor Siegelman committed not one, but two crimes. Finally, the Government's novel use of the aiding and abetting statute is incompatible with the structure of 18 U.S.C. § 666 itself, which sets out specific offenses relating to the payor and to the payee. Adding "aiding and abetting" onto that, in the way that the Government seeks to do in this case, makes the specific words of the statute pointless.

Based on the foregoing authorities, Defendant respectfully submits that one of two remedies are required: this Court can dismiss both Counts Three and Four without prejudice so that the Government can decide on its theory of prosecution as to this single transaction and seek a superseding indictment, or this Court can Order the Government to elect which Count it chooses to proceed to trial on and move for dismissal of the remaining Count

WHEREFORE, Governor Siegelman respectfully prays that this Court enter an Order dismissing Counts Three and Four of the indictment without prejudice or, in the alternative, enter an Order requiring the Government to elect which Count it will proceed on and move for dismissal of the remaining Count, and for such other and further relief as this Court may deem just and proper.

This    20th    day of February, 2006.

4

Respectfully submitted,


/s/ G. Douglas Jones_____
G. Douglas Jones

**OF COUNSEL:**
WHATLEY DRAKE, LLC
2323 2nd Avenue North
Birmingham, AL 35203
Phone: (205) 328-9576
Fax: (205) 328-9669

Charles Redding Pitt
John D. Saxon. PC
2119 Third Avenue North
Birmingham, AL 35203
(205) 324-0223
Fax: 205-323-1583

David Allen McDonald
Kilborn, Roebuck & McDonald
203 South Warren Street
Post Office Box 832
Mobile, AL 36602
251-434-0045
Fax:251-434-0047

Vincent F. Kilborn, III
Kilborn, Roebuck & McDonald
1810 Old Government Street
P. O. Box 66710
Mobile, AL 36606
(334) 479-9010
Fax:251-479-6747

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the    20th day of February, 2006, I electronically filed the

foregoing "Defendant Don E. Siegelman's Motion to Dismiss Counts Three and four of the

Indictment based on Multiplicity" with the Clerk of the Court using the CM/ECF system which

will send notification of such to counsel of record .

                        /s/G. Douglas Jones
                        OF COUNSEL

6