IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-F |
| DON EUGENE SIEGELMAN, ) | |
| PAUL MICHAEL HAMRICK, ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY ) | |

### UNITED STATES' RESPONSE TO DEFENDANTS SIEGELMAN'S, SCRUSHY'S AND ROBERTS'S MOTIONS FOR BILL OF PARTICULARS

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby files its Response to Defendants Siegelman's, Scrushy's, and Roberts's Motions for Bill of Particulars (hereinafter, the "Motions"). This Court should deny the Motions because Defendants are attempting to use a bill of particulars for an improper purpose, namely to compel the United States to disclose its trial theories, strategies, and evidence it intends to present at trial. Moreover, this Court should deny the Motions because the United States has already provided Defendants via the second superseding indictment and discovery with more than enough information to fulfill the purposes of a bill of particulars. With their Motions, Defendants have embarked upon a fishing expedition and sought to penetrate the government's trial camp under a guise of propriety. As grounds for its position, the United States avers as follows:

I.  **Defendants Are Attempting to Use a Bill of Particulars for an Improper Purpose and the United States has Already Provided Defendants with More Than Enough Information to Fulfill the Purposes of a Bill of Particulars**

An indictment is sufficient if it sets forth the essential elements of the crime so as to notify

the defendant of the charge against him to enable him to plead double jeopardy in any future prosecution for the same offense. See United States v. Critzer, 951 F.2d 306, 307-08 (11th Cir. 1992). "The purpose of a true bill of particulars is threefold: 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986), cert. denied, 480 U.S. 931 (1987) (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)). See United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981) ("The purpose of a bill of particulars is to inform the defendant of the charge in sufficient detail to enable adequate defense preparation and to minimize surprise at trial."). "Grant or denial of such a motion lies within the sound discretion of the trial court and may be challenged only for abuse of that discretion. Proof of abuse requires a showing of actual surprise at trial and prejudice to the defendant's substantial rights by the denial." Id.

Defendants note correctly that a bill of particulars is one means to supplement an indictment to provide a defendant with information necessary for trial preparation, assuming such further information is actually needed. See Anderson, 799 F.2d at 1441; United States v. Chen, 378 F.3d 151, 163 (2d Cir.) ("A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."), cert. denied, 543 U.S. 994 (2004); United States v. Crosby, Crim. No. 91-0559-08, 1992 WL 35124 at *1 (D.D.C. Feb. 5, 1992) (noting that a bill of particulars is not required if the indictment is sufficiently specific to allow the defendant to understand the charges against him and prepare a defense); United States v. Scrushy, No. CR-03-BE-530-S, 2004 WL 483264 at * 8 (N.D. Ala. March

3, 2004) ("To the extent the indictment precisely and completely defines the offense charged, a bill of particulars to otherwise clarify it is unnecessary.").

Defendants glaringly fail, however, to recognize that this Circuit's precedent teaches that "[g]eneralized discovery is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill." Id. See United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) ("Generalized discovery is not the proper function of a bill of particulars."), cert. denied, 475 U.S. 1022 (1986); Colson, 662 F.2d at 1391 ("[G]eneralized discovery is not a proper purpose in seeking a bill of particulars."). This prohibition on the use of a bill of particulars particularly applies to Defendants' efforts to learn of the government's trial strategies and theories and to obtain knowledge of the evidence the United States intends to introduce at trial. See United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.) ("A defendant should not use the Bill of Particulars to 'obtain a detailed disclosure of the government's evidence prior to trial.'") (quoting United States v. Perez, 489 F.2d 51, 70-71 (5th Cir. 1973), cert. denied, 417 U.S. 945 (1974)), cert. denied, 439 U.S. 819 (1978);[1] Crosby, 1992 WL 35124 at *1 ("Bills of particulars, as a general matter, are not to serve the purpose of revealing the government's evidence and theories."). This Circuit has purposefully circumscribed the scope and application of a bill of particulars to prevent it from being a "wholesale discovery device" that emasculates the rules of discovery in federal criminal cases. Anderson, 799 F.2d at 1442 (explaining that routinely granting a defendant's request for a bill of particulars to supplement an indictment would circumvent Fed. R. Crim. P. 16).

The limited function and reach of a bill of particulars have led courts to deny consistently

---

[1] See Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981).

defendants' requests for information that are akin to the requests Defendants have made in this case. See, e.g., Colson, 662 F.2d at 1391 (affirming the district court's denial of the defendant's motion for a bill of particulars requesting the identity of unindicted co-conspirators and the dates and locations of conduct in furtherance of the charged conspiracy). In the Motions, Defendants have requested a plethora of information, including, but not limited to, the names and identities of co-conspirators, exact dates, times, and places where they engaged in illegal activities, and a detailed description of the overt acts they performed as part of the charged conspiracies and honest services fraud schemes. Defendants are not entitled to a bill of particulars setting forth the United States' position on each of these requests because by so doing the United States would be revealing to Defendants its trial strategies, theories, witness lists, and evidence it intends to introduce at trial. See 1 Charles Alan Wright, et. al., Federal Practice and Procedure Crim. 3d § 129 (teaching that a bill of particulars "is not intended . . . as a means of learning the government's evidence and theories").

Courts in this Circuit and others have repeatedly denied motions for bill of particulars seeking such detailed information which amount to nothing more than an attempt to invade the government's trial camp. See, e.g., Anderson, 799 F.2d at 1442 (holding that a trial court should not grant a defendant's motion for a bill of particulars seeking the identity of "unindicted co-conspirators" because it is merely a desire to obtain a list of government witnesses – information not available to the defendant under Fed. R. Crim. P. 16); United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986) ("A bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy. Nor is the government required to provide defendants with all overt acts that might be proven at trial."), cert. denied, 480 U.S. 919 (1987); Warren, 772 F.2d at 837 (upholding the district court's refusal to grant the

defendants' motion for a bill of particulars requesting more specificity about their illegal actions and photographs and the nicknames of victims referred to in the indictment); Colson, 662 F.2d at 1391 (affirming the district court's denial of the defendant's motion for a bill of particulars requesting the identity of unindicted co-conspirators and the dates and locations of conduct in furtherance of the charged conspiracy); United States v. Diecidue, 603 F.2d 535, 562-63 (5th Cir. 1979) (affirming the district court's refusal to grant a bill of particulars requesting the exact time and date of particular overt acts charged in the indictment), cert. denied, 445 U.S. 946 (1980); United States v. Barrentine, 591 F.2d 1069, 1077 (5th Cir.) (noting the lack of a requirement that "'the prosecution must reveal before trial the names of all witnesses who will testify unfavorably'") (quoting Weatherford v. Bursey, 429 U.S. 545, 559-61 (1977)), cert. denied, 444 U.S. 990 (1979); Kilrain, 566 F.2d at 985 (holding that "defendants are not entitled to discover all the overt acts that might be proved at trial"); United States v. Pena, 542 F.2d 292, 294 (5th Cir. 1976) (ruling that Fed. R. Crim. P. 7(f) gives a defendant "no right" to a list of the government's possible witnesses at trial); United States v. Crayton, 357 F.3d 560, 568 (6th Cir.) ("[T]he Government is not required to furnish the name of all other co-conspirators in a bill of particulars."), cert. denied, 542 U.S. 910 (2004); Crosby, 1992 WL 35124 at *1 (denying the defendant's motion for a bill of particulars requesting "details on places, dates, names, and descriptions of acts alleged against the defendant and others charged and not charged in the government's 115-count indictment" because "[e]ven in a case charging RICO violations and RICO conspiracy, the prosecution need not normally disclose in advance of trial every act it will prove that may violate some criminal statute"); Scrushy, 2004 WL 483264 at *9 (denying the defendant's motion for a bill of particulars because the defendant was merely "seeking evidentiary information concerned with the documents and witnesses the Government might use

against him").

In their Motions, Defendants also fail to acknowledge another basic principle of black letter law that compels the denial of their pleadings – a bill of particulars will not lie where the information a defendant seeks is available in another form, including the indictment itself and discovery. See e.g., Rosenthal, 793 F.2d at 1227 ("Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection."); United States v. Evans, 572 F.2d 455, 483 (5th Cir.) (affirming the district court's denial of the defendant's motion for a bill of particulars "insofar as it pertained to evidentiary detail and matter otherwise available through discovery"), cert. denied, 439 U.S. 931 (1978); United States v. Sanchez, 508 F.2d 388, 397 (5th Cir.) (affirming the district court's denial of the defendant's motion for a bill of particulars because the government utilized an "open-file" discovery policy), cert. denied, 423 U.S. 827 (1975); Chen, 378 F.3d at 163 ("[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means.") (quotations and citations omitted); United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991) ("[A] bill of particulars is not required when information necessary for a defendant's defense can be obtained through 'some other satisfactory form.' . . . The nature and operations of the 'open-file' policy is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary.") (quoting Charles Alan Wright, et. al., Federal Practice and Procedure: Crim. 2d § 129 (1982)), cert. denied, 504 U.S. 910 (1992); United States v. Mainieri, 691 F. Supp. 1394, 1396 (S.D. Fla. 1988) (denying the defendant's motion for a bill of particulars because the purposes of the bill were "accomplished adequately by the indictment and discovery provided to the defendant"); Crosby, 1992 WL 35124 at *1 ("But no bill of particulars is required . . . if the requested information

is available to the defendant in some other form."); 1 Wright, supra, at § 129 ("If the needed information is in the indictment or information, then no bill of particulars is required. The same result is reached if the government has provided the information called for in some other satisfactory form.").

Given the amount and kind of discovery the United States has already provided Defendants, it strains credulity for Defendants to assert that they are not informed of the charges against them sufficiently to allow them to prepare their defenses, to minimize surprise at trial, and to enable them to plead double jeopardy in the event of a later prosecution for the same offense – the purposes underlying a bill of particulars. Anderson, 799 F.2d at 1441. Like in other cases where courts have denied a motion for a bill of particulars because the government had already provided the defendant with sufficient information in discovery, see supra, this Court should deny the Motions because the United States has already provided Defendants with more than enough information to enable them to understand the charges against them, to prepare for trial, and to plead double jeopardy in any future prosecution. The United States has provided Defendants with much more information than the Constitution and the Federal Rules of Criminal Procedure require at this point in the proceedings. See Sanchez, 508 F.2d at 396 (noting that the government's discovery practice provided "much more information" than the law required). For example, the United States has already provided Defendants with Jencks Act material (e.g., transcripts of all witnesses that appeared before the grand jury) though the United States is not required to produce such information until a particular witness has testified in the government's case-in-chief. See 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2.

For Defendants, such liberal discovery is not enough; they insist on knowing the United States' theories, strategies, and evidence, see, e.g., Siegelman's Mot. at ¶ KK (demanding to know

-7-

"the Government's theory that Governor Siegelman solicited a pecuniary benefit to himself"), – information to which they are not entitled, including via a bill of particulars. See Rosenthal, 793 F.2d at 1227 (denying the defendants' motions for a bill of particulars because they had received Jencks Act material several weeks in advance of trial). Contrary to Defendant Siegelman's contention that the government plans to conduct "trial by ambush," Siegelman Mot. at 4, the United States is exceeding its constitutional and statutory duties to ensure that Defendants are well apprised of the charges against them and the facts upon which those charges are based.

Defendants cannot justify their Motions on the grounds that they have received too much information from the United States such that they cannot prepare for trial, for the Eleventh Circuit has recently provided a succinct response to that lament:

> The defendants complain that the Government's discovery was so voluminous that it hindered their pretrial preparation. The discovery was indeed voluminous – because the Government gave the defense access to far more information and materials than the law required. The defendants could hardly complain about that. If they had insufficient time to sort things out, they should have asked for a continuance.

United States v. Jordan, 316 F.3d 1215, 1253 (11th Cir), cert. denied, 540 U.S. 821 (2003).

Finally, one of Defendant Roberts's requests is for the United States to "identify what specific duty was owed specifically under State law that forms the basis for the alleged deprivation of 'honest services'" alleged in the second superseding indictment. Roberts Mot. at 6. The United States particularly responds to this request because it reveals a misunderstanding of well-settled law in this Circuit regarding honest services fraud under 18 U.S.C. § 1346. In addition to the grounds stated supra for denying this request, this Court should reject Defendant Roberts's demand because it seeks information that is not essential to an element of the offense of honest services fraud. The

-8-

Eleventh Circuit has declared that "[p]roof of a state law violation is not required for a conviction of honest services fraud." United States v. Hasner, 340 F.3d 1261, 1269 (11th Cir. 2003), cert. denied, 543 U.S. 810 (2004). In rejecting the view that only a violation of a "formal statutory, contractual, or regulatory duty can give rise to liability" for honest services fraud, the Eleventh Circuit stated

> We therefore feel that it would be an error to find that a duty to disclose information for purposes of the federal mail and wire fraud statutes can only be found where a statute, regulation, or formalized legal relationship between the parties expressly delineates such a duty. Plaintiffs are correct in their assertion that concealment of critical data, even without a formalized duty to disclose that data, can constitute mail and/or wire fraud in certain situations. Schemes to defraud can take many forms – criminal ingenuity is an amazing, if disturbing, thing to behold. It would be unduly constrictive to hold that a duty to disclose can only exist where it is statutorily or contractually implied . . . We can envision many situations in which a failure to disclose information could constitute fraud pursuant to 18 U.S.C. §§ 1341 and 1343, even where no duty to disclose exists independently.

Langford v. Rite Aid, 231 F.3d 1308, 1312-13 (11th Cir. 2000).

## II.  Conclusion

Defendants attempt to use their Motions for an improper purpose – discovery of the United States' legal theories, strategies, and evidence it intends to introduce in its case-in-chief. The Motions are nothing more than a pretext for a fishing expedition. The United States has already provided Defendants with more than enough information through discovery to allow them to understand the charges against them, to prepare for trial, and to plead double jeopardy to any future prosecution for the same offenses. Nothing more is required under the law. Consequently, this Court should deny the Motions.

Respectfully submitted this the 27th day of February, 2006

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | ANDREW C. LOURIE<br>ACTING CHIEF, PUBLIC INTEGRITY SECTION |

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

/s/ Joseph L. Fitzpatrick, Jr. Special Assistant
United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-F |
| DON EUGENE SIEGELMAN, ) | |
| PAUL MICHAEL HAMRICK, ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                         Respectfully submitted,

                                         LOUIS V. FRANKLIN, SR.
                                         ACTING UNITED STATES ATTORNEY

                                         /s/ J.B. Perrine
                                         Assistant United States Attorney
                                         One Court Square, Suite 201
                                         Montgomery, AL 36104
                                         Phone: (334)223-7280
                                         Fax:   (334)223-7135
                                         Email: jb.perrine@usdoj.gov
                                         ASB-9077-E31J