IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-F |
| DON EUGENE SIEGELMAN, ) | |
| PAUL MICHAEL HAMRICK, ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY ) | |

**UNITED STATES' RESPONSE TO DEFENDANT ROBERTS'S MOTION FOR A DAUBERT (OR QUALIFICATION) HEARING CONCERNING EXPERTS IDENTIFIED BY THE GOVERNMENT OR IN THE ALTERNATIVE MOTION TO EXCLUDE AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and hereby files its Response to Defendant Roberts's Motion for a Daubert[1] (or Qualification) Hearing Concerning Experts Identified by the Government or, in the Alternative, Motion to Exclude and Memorandum of law in Support Thereof. Defendant's Motion should be held under advisement until trial.

To support its position, the United States avers as follows:

**I.    Consideration of Defendant Roberts's Motion is Premature at this Time**

In his motion, Defendant Roberts requests that this Court conduct a pretrial hearing pursuant to Rule 104(a), Fed. R. Evid., to determine whether the testimony of each of the 17 potential witnesses listed as possible expert witnesses by the United States in its Discovery Letter to

---

[1] In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Supreme Court charged the trial court with the responsibility of acting as a "gatekeeper" to exclude unreliable expert testimony. The Court, in Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), clarified that this gatekeeper function applies to all expert testimony, not just testimony based on science.

Defendants, pursuant to Rule 16(a), Fed. R. Crim. P., would meet the requirements for expert testimony set forth in Rule 702, Fed. R. Evid., and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). The Motion is, at best, a motion in limine, see Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 780 (11th Cir.) (the trial court may hold a Daubert hearing "'when asked to rule on a motion in limine, on an objection during trial, or on a post-trial motion'") (quoting Goebel v. Denver and Rio Grande Western R.R. Co., 215 F.3d 1083, 1087 (10th Cir. 2000)), cert. denied, 543 U.S. 1002 (2004), but also smacks of Defendant's attempt to obtain indirectly what he cannot obtain directly – the government's trial theories, strategies, and evidence – prior to the commencement of the trial. See United States v. Barrentine, 591 F.2d 1069, 1077 (5th Cir.), cert. denied, 444 U.S. 990 (1979) (noting the lack of a requirement that "'the prosecution must reveal before trial the names of all witnesses who will testify unfavorably'") (quoting Weatherford v. Bursey, 429 U.S. 545, 559-61 (1977))[2]; United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.) (holding that "defendants are not entitled to discover all the overt acts that might be proved at trial"), cert. denied, 439 U.S. 819 (1978); United States v. Pena, 542 F.2d 292, 294 (5th Cir. 1976) (recognizing that a defendant has "no right" to a list of the government's possible witnesses at trial).

Consequently, this Court at the earliest should not entertain the Motion until it rules on the other in limine motions. In fact, as discussed infra, the United States submits that the best practice is for the Court not to rule on Defendant's Motion until a particular witness testifies during the government's case-in-chief.

---

[2]See Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981).

## II. A Separate, Daubert Pretrial Hearing is not Necessary in this Case

### A. A Daubert Pretrial Hearing is not Mandated by Law

A pretrial hearing under Rule 104(a), Fed. R. Evid., is not required for the Court to determine whether the testimony of a particular government witness is expert in nature, and, if so, whether the witness meets the requirements of an expert. The Supreme Court, in upholding the trial court's decision to forego an in limine hearing, emphasized in Kumho Tire that a trial court must have "latitude in deciding how to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability." 526 U.S. at 152 (emphasis in original). "Otherwise, the trial judge would lack the discretionary authority needed both to avoid unnecessary 'reliability' proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises." Id. See also Paul F. Rothstein, Federal Rules of Evidence Rule 702 (3d ed. 2006) ("As long as the trial court has a sufficient record before it, it need not conduct a separate evidentiary hearing under Rule 104(a) before ruling on the compliance of expert testimony with Daubert or Kumho or their embodiment in amended Rule 702.") See, e.g., United States v. Alatorre, 222 F.3d 1098, 1100, 1103 (9th Cir. 2000) (a separate, pretrial hearing, outside the presence of the jury, is not required before admission of expert testimony). The Eleventh Circuit has recognized this considerable discretion given to the Court in regard to the procedural aspects of determining whether particular testimony is expert in nature and admissible. See, e.g., Cook v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1113 (11th Cir. 2005) ("Daubert hearings are not required but may be helpful in complicated cases involving multiple expert witnesses") (citations and quotations omitted); Arnold v. Thomas Trucking Co., Inc.,

Civ. A. 03-0819-CG-B, 2005 WL 1027258 at *1 n. 1 (S.D. Ala. April 19, 2005) (finding that a Daubert hearing was unnecessary to rule upon the motions to strike the proposed expert's testimony).

### B. Any Daubert Determination in this Case Should be Conducted During the Trial

Pursuant to Rule 16(a), Fed. R. Crim. P., the United States noticed up 17 potential witnesses as possible expert witnesses in the discovery letter it sent to Defendant on November 10, 2005. The characterization of these witnesses as experts was done out of an abundance of caution to protect against rejection of a witness's testimony as a sanction for failure to notice that witness as an expert.

The United States anticipates that, at most, only two of those listed will most likely offer the paradigm of expert testimony: Dr. Jay K. Lindly and, possibly, Special Agent Tyler McCurdy, Federal Bureau of Investigation. The United States is confident that, upon hearing the testimony of each witness, the Court will find that the vast majority of the 17 witnesses will not have presented testimony required of a expert. These witnesses will testify about particular matters in their first-hand knowledge such as their experience working for governmental agencies, movement of work flow through these agencies, and the common rules, regulations, and practices of these agencies. Of the noticed witnesses, only one, Dr. Lindly, is expected to offer testimony of the sort typically scrutinized under Daubert – testimony of esoteric theories, methods, or tests.

Even if this Court finds certain government witnesses to be experts, a Daubert determination will be most efficiently made during those witnesses' testimony rather than at a separate, pretrial hearing. Given its broad discretion in receiving testimony during trial, Kumho, 526 U.S. at 152, this Court may permit voir dire of an expert in the presence of the jury. See Alatorre, 222 F.3d at 1102 (detailed voir dire of an expert in front of the jury is permissible under Daubert). This case presents the very circumstances announced in Kumho as not necessitating a hearing: an "ordinary case[]

where the reliability of an expert's methods is properly taken for granted." 526 U.S. at 152. Establishing the qualifications of any witness this Court deems to be an expert will not be difficult and will not necessitate lengthy interruptions in the trial nor excusal of the jury. In fact, the United States expects that the facts necessary for a Daubert determination (e.g., the witness's education, training, experience, etc.) will have already been elicited from the respective witness prior to his providing any testimony that may be considered expert in nature. The United States submits that this Court will be able to make any Daubert determination at the time a government witness testifies on direct examination.

Because any necessary foundation for admission of any expert testimony will be established on direct examination, any pretrial Daubert hearing would require duplication of effort and unnecessary expense. The Advisory Committee Notes to Rule 104, Fed. R. Evid., in fact acknowledge the wisdom of this approach: "Not infrequently the same evidence which is relevant to the issue of establishment of fulfillment of a condition precedent to admissibility is also relevant to weight or credibility, and time is saved by taking foundation proof in the presence of a jury." In providing trial courts with broad discretion in handling Daubert issues, the Court in Kumho reiterated that the Federal Rules of Evidence "seek to avoid 'unjustifiable expense and delay' as part of their search for 'truth' and the 'jus[t] determin[ation]' of proceedings." 526 U.S. at 152-53 (quoting Fed. Rule Evid. 102).

"There is nothing prejudicial to the defendant in reserving ruling on the admission of the opinions and conclusions to be drawn . . . until it is offered at trial. . . . All of the necessary foundation must be proved and the adequacy of the showing made will be determined before questions asking for opinions and conclusions will be permitted." United States v. Nichols, 169

F.3d 1255, 1262-63 (10th Cir.) (relying in part on the trial court's discretion implied by Rule 104(c), which provides that a hearing outside the presence of the jury "shall be . . . conducted when the interests of justice require," the trial court properly declined to hold a preliminary hearing and reserved ruling on the admissibility of the scientific testimony of an expert until it was offered at the trial of one of the Oklahoma City bombing prosecutions), cert. denied, 528 U.S. 934 (1999). In response to Defendant Roberts's assertion that a failure to hold a Daubert hearing would be taking "a course [that] smacks too much of trial by ambush," Roberts Mot. at 7, the United States declares that it has provided all Defendants with open file discovery, which includes, but is not limited to the following: curriculum vitae of the 17 potential witnesses, transcripts of the testimony of those who testified before the grand jury, and the reports compiled by Dr. Lindly.

The interests of justice do not require a separate, pretrial hearing on these potential witnesses. The most efficient time to address any admissibility question arising from their testimony is at trial. Therefore, in the interests of judicial economy and the need to avoid any unnecessary delay, the United States requests this Court to hold Defendant's Motion under advisement until testimony from the specified witnesses develops at trial.

### III. Conclusion

Defendant Roberts prematurely moves for a Daubert hearing or, in the alternative, a motion to exclude. A separate, pretrial Daubert hearing is not required by law. In this case, any Daubert determination will be most efficiently made at trial. Consequently, this Court should delay ruling on the Motion until testimony from the specified witnesses develops at trial.

Respectfully submitted this the 27th day of February, 2006

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

ANDREW C. LOURIE
ACTING CHIEF, PUBLIC INTEGRITY SECTION

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

/s/ Joseph L. Fitzpatrick, Jr. Special Assistant
United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-F |
| DON EUGENE SIEGELMAN, ) | |
| PAUL MICHAEL HAMRICK, ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:   (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J