IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )    **CRIMINAL NO. 2:05-CR-119-F** |
| DON EUGENE SIEGELMAN, | ) |
| PAUL MICHAEL HAMRICK, | ) |
| GARY MACK ROBERTS, and | ) |
| RICHARD M. SCRUSHY | ) |

**UNITED STATES' RESPONSE TO DEFENDANTS SIEGELMAN'S AND ROBERTS'S
MOTIONS TO DISMISS**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting

United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of

the Public Integrity Section of the Criminal Division of the United States Department of Justice, and

hereby files its Response to Defendants Siegelman's and Roberts's Motions to Dismiss (hereinafter,

collectively, the "Motions"). In the Motions, Defendant Siegelman moves to dismiss from the second

superceding indictment Counts 1, 2, and 5 through 14,[1] and both Defendants Siegelman and Roberts

move to dismiss Counts 18 through 33 on the ground that the counts charging honest services mail and

wire fraud (hereinafter "honest services fraud") are insufficient for failure to charge an offense.[2] This

---

[1]Although Counts 1, 2, and 5 charge Defendant Siegelman with RICO conspiracy, RICO,
and conspiracy, respectively, the allegations in his motion are based solely on the second
superceding indictment's honest services mail and wire fraud counts, the remaining counts he
challenges. Because the merit of Defendant Siegelman's allegations depends on the sufficiency
of the second superceding indictment as to the honest services fraud counts, the United States
will address his arguments as strictly attacking those counts.

[2]Defendant Siegelman's Motion pertains to both honest services mail and wire fraud
counts, while Defendant Roberts's Motion deals only with mail-fraud charges. Since "[e]xcept
for the jurisdictional nexus (mails in § 1341, interstate wires in § 1343), the statutes are the same,
are interpreted identically, and cases decided under one are controlling under the other," United
States v. deVegter, 198 F.3d 1324, 1327 n.1 (11th Cir. 1999), cert. denied, 530 U.S.1264 (2000),
and Defendants' contentions relate only to the commonalities of the two offenses, the United

Court should deny the Motions because the indictment is well pled as to the challenged counts under 18 U.S.C. §§ 1341, 1343, and 1346 and the relevant case law. Substantial authority from this and other Circuits compels the denial of the Motions. Each count encompassing a honest services fraud offense sets forth the required elements in a manner that informs Defendants of the charges against which they must defend and enables them to assert double jeopardy as a bar to any future prosecution for the same offense. As grounds to support its position, the United States submits the following:

I.    **The Proper Analytical Framework to Assess Defendants' Allegations that the Second Superceding Indictment is Insufficient as to the Honest Services Fraud Counts**

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." "'Generally, an indictment is sufficient if it: 1) sets forth the elements of the offense in a manner which fairly informs the defendant of the charge against which he must defend and 2) enables him to enter a plea which will bar future prosecution for the same offense.'" United States v. Poirier, 321 F.3d 1024, 1028 (11th Cir. 2003) (quoting Belt v. United States, 868 F.2d 1208, 1211 (11th Cir. 1989)), opinion corrected on sentencing issue, No. 01-15989, 2003 WL 21211926 (11th Cir. Apr. 1, 2003), cert. denied, 540 U.S. 874 (2003). Sufficiency does not depend on strict obedience to the language of the statutes alleged to have been violated. See United States v. Richards, 204 F.3d 177, 191 (5th Cir.) ("In determining the sufficiency of the indictment, '[t]he law does not compel a ritual of words.'") (citations omitted), cert. denied, 531 U.S. 826 (2000), overruled on other grounds, United States v. Cotton, 535 U.S. 625 (2002); United States v. deVegter, 198 F.3d 1324, 1330 (11th Cir. 1999) ("[l]inguistic precision is not required"), cert. denied, 530 U.S.1264 (2000); United States v.

_____

States, in this Response, applies the jurisprudence of honest services fraud without differentiating between the mail and wire fraud statutes.

Cooper, 283 F. Supp. 2d 1215, 1232 (D. Kan. 2003) (courts do not insist that any particular word or phrase be used in alleging an essential element). Rather, when analyzing a challenge to the sufficiency of the indictment, the reviewing court gives the indictment a common-sense construction, and its validity is to be determined by practical, rather than technical, considerations. Poirier, 321 F. 2d at 1029.

The elements of a Section 1341 mail-fraud offense and a Section 1343 wire-fraud offense are that the defendant (1) intentionally participated in a scheme or artifice to defraud, and (2) to further that scheme, used the mails or interstate wire communications, respectively. United States v. Sharpe, No. 05-11553, 2006 WL 278158, *6 (11th Cir. Feb. 7, 2006); deVegter, 198 F.3d at 1328 n.4. The "scheme or artifice to defraud" "must involve either a material false representation of fact or a failure to disclose material information by one who has a duty to disclose it." Castro v. United States, 248 F. Supp. 2d 1170, 1193 (S.D. Fla. 2003). See also Neder v. United States, 527 U.S. 1, 25 (1999) (pursuant to the rule of statutory construction that Congress intends to incorporate the well-settled meaning of the common-law terms it uses in a statute unless the statute dictates otherwise, "materiality of falsehood" is an element of mail and wire fraud, despite the fact that materiality is not a statutory element); United States v. Waymer, 55 F.3d 564, 571 (11th Cir. 1995) (a pre-Neder case, noting that fraud may be proved by evidence of the defendant's non-action or non-disclosure of material facts intended to create a false and fraudulent representation), cert. denied, 517 U.S. 1119 (1996).

The "scheme or artifice to defraud" includes "a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346. Eleventh Circuit Pattern Jury Instructions (Criminal) 50.2 and 51.2 set forth the elements of the offenses of honest services mail and wire fraud,

as follows.[3]

> First:  That the Defendant knowingly devised or participated in a scheme to fraudulently deprive the public of the intangible right of honest services, as charged;
>
> Second:  That the Defendant did so willingly with an intent to defraud; and
>
> Third:  That the Defendant used [the United States Postal Service by mailing or by causing to be mailed] [a private or commercial interstate carrier by depositing or causing to be deposited with such carrier] some matter or thing for the purpose of executing the scheme to defraud. (Honest Services Mail Fraud, 18 U.S.C. §§ 1341 and 1346);
>
> OR
>
> Third:  That the Defendant transmitted or caused to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud. (Honest Services Wire Fraud, 18 U.S.C. §§ 1343 and 1346).

Although these instructions do not expressly mention the element of "materiality,"[4] this Circuit has

acknowledged materiality as an element of honest services fraud offenses.  See deVegter, 198 F.3d

at 1328 n. 4 (listing materiality as an element of honest services wire fraud pursuant to Neder).

**II.    The Honest Services Fraud Counts Are Not Defective Because They Charge Defendants Siegelman and Roberts with Depriving the State of Alabama of its Right to their "Honest and Faithful Services"**

The honest services fraud counts charge Defendants Siegelman and Roberts with a scheme

and artifice to defraud and deprive the State of Alabama of its right to their "honest and faithful"

services.  Both Defendants Siegelman and Roberts note that Section 1346 expressly refers to the

deprivation of only "honest" services.  Siegelman Mot. at 2; Roberts Mot. at 2.  Consequently,

Defendants assert that the honest services fraud counts should be dismissed because construction of

---

[3]The two offenses share the first two elements.  The third element supplies a different jurisdictional nexus for each.

[4]Eleventh Circuit Pattern Jury Instructions (Criminal) 50.1 and 51.1, setting forth the elements of mail and wire fraud, include materiality as an element of those offenses.

"and" as "or" will allow the jury to convict on a finding of a scheme to defraud of faithful services, which, they argue, is not prohibited by Section 1346. Siegelman Mot. at 3; Roberts Mot. at 2.

Defendants' reasoning fails to account for well-established precedent in this Circuit. An indictment does not have to allege the offense in the specific words of the statute, as long as its allegations include all elements of the offense and a brief factual description of the commission of the offense. deVegter, 198 F.3d at 1330. In this case, the honest services fraud counts allege all the elements of the offenses charged as well as facts supporting these charges. For example, the honest services fraud counts describe the corrupt relationships involving Defendants Siegelman and Roberts with various individuals, some of whom are expressly identified in the second superseding indictment. Each of the honest services fraud counts in which Defendants are charged arises out of a bribery scheme in which they participated as public officials – the paradigm case of honest services fraud. See id. at 1327-28 (citing United States v. Lopez-Lukis, 102 F.3d 1164, 1165 n.1 (11th Cir. 1997)). In addition, the challenged counts specifically cite to the particular statutes violated. See United States v. Stefan, 784 F.2d 1093, 1101-02 (11th Cir.), cert. denied, 479 U.S. 855, and cert. denied, 479 U.S. 1009 (1986) (if the indictment specifically refers to the statute on which the charge is based, the defendant cannot claim lack of adequate notice of the charge against him).

A public official is guilty of honest services fraud "[i]f [he] . . . secretly makes his decision based on his own personal interests -- as when an official accepts a bribe or personally benefits from an undisclosed conflict of interest." Lopez-Lukis, 102 F.3d at 1169. See also United States v. Hasner, 340 F.3d 1261, 1271 (11th Cir. 2003) (same), cert. denied, 543 U.S. 810 (2004); deVegter, 198 F.3d at 1328 ("taking kickbacks or benefitting from an undisclosed conflict of interest will support the conviction of a public official for depriving his or her constituents of the official's honest

services because . . . [w]hen official action is corrupted by secret bribes or kickbacks, the essence of

the political contract is violated'") (quoting <u>United States v. Jain</u>, 93 F.3d 436, 442 (8th Cir. 1996),

<u>cert. denied</u>, 520 U.S. 1273 (1997)). <u>See also</u> Eleventh Circuit Pattern Jury Instructions (Criminal)

50.2 and 51.2 ("If . . . the official acts or makes his decision based on the official's own personal

interests -- such as accepting a bribe, taking a kickback or receiving personal benefit from an

undisclosed conflict of interest -- the official has defrauded the public of the official's honest services

. . . .")

 The honest services fraud counts' references to "honest and faithful" services must be

construed in conjunction with their factual allegations of the schemes to defraud involving corruption,

bribery, and avarice. Thus, contrary to Defendants' arguments, the counts in question do allege acts

performed by them that violate Sections 1346 and either 1341 or 1343, depending upon the facility

used in furtherance of the particular scheme. <u>See United States v. Pennington</u>, 168 F.3d 1060, 1065

(8th Cir. 1999) (although the indictment charged defendants with a scheme to defraud of "faithful and

impartial services" and did not refer to Section 1346, it sufficiently charged a crime, thus apprising

the defendant of the charges and allowing him to prepare effectively for trial, because it alleged

schemes to defraud and cited Section 1341).

 Moreover, case law rejects Defendants' argument that the inclusion of "and faithful" extends

Section 1346 beyond the scope intended by Congress. Congress enacted Section 1346 in 1988 to

overrule the Supreme Court's decision in <u>McNally v. United States</u>, 483 U.S. 350 (1987), holding that

the mail-fraud statute did not criminalize schemes to defraud citizens of the right to honest services.

<u>Waymer</u>, 55 F.3d at 568 n.3. Contrary to Defendants' argument, Section 1346 codified a common-

law extension of Sections 1341 and 1343. This Circuit has recognized that Congress, in enacting

Section 1346, restored the mail and wire fraud statutes to their pre-McNally scope. deVegter, 198 F.3d at 1328; Waymer, 55 F.3d at 564. See also United States v. Rybicki, 354 F.3d 124, 138 (2d Cir. 2003) (the use of the definite article "the" prefacing "intangible right of honest services" suggests that that phrase had a specific meaning to Congress when it enacted Section 1346: "Congress was recriminalizing mail- and wire-fraud schemes to deprive others of that 'intangible right of honest services,' which had been protected before McNally") (emphasis in original), cert. denied, 543 U.S. 809 (2004); 134 Cong. Rec. H11, 108-01 (daily ed. Oct. 21, 1988) (statement of Rep. Conyers) (commenting that Section 1346 "is intended merely to overturn the McNally decision. No other change in the law is intended."); 134 Cong. Rec. S17, 360-02 (daily ed. Nov. 10, 1988) (statement of Sen. Biden) (stating that the "intent of [Section 1346] is to reinstate all of the pre-McNally case law pertaining to the mail and wire fraud statutes without change").

Consequently, pre-McNally cases are persuasive authority in evaluating the scope of honest services fraud. Lopez-Lukis, 102 F.3d at 1169. The Eleventh Circuit has noted that, as early as the 1940's, federal prosecutors began using Section 1341 to combat government corruption by prosecuting schemes to defraud the public of "the honest and faithful services" of public officials. Id. at 1168. Pre-McNally case law is based on an underlying theory acknowledged by the Court of Appeals in the McNally case: "that a public official acts as 'trustee for the citizens and the State . . . and thus owes the normal fiduciary duties of a trustee, e.g., honesty and loyalty' to the citizens and the State." United States v. Gray, 790 F.2d 1290, 1293 (6th Cir. 1986) (quoting United States v. Mandel, 591 F.2d 1347, 1363 (4th Cir.), aff'd in relevant part, 602 F.2d 653 (4th Cir. 1979) (en banc), cert. denied, 445 U.S. 961 (1980)). See also Lopez-Lukis, 102 F.3d at 1169. Thus, the case law, in referring to "honest" services, frequently uses other terms, such as "faithful," "loyal," or "impartial."

See, e.g., McNally, 483 U.S. at 355 (referring to the line of cases from the Courts of Appeals as proscribing schemes to defraud citizens of their intangible rights to "honest and impartial" government)[5]; id. at 362-63, 375 (noting that, in most of the prior public-official honest services fraud cases, "the officials have secretly made governmental decisions with the objective of benefitting themselves or promoting their own interests, instead of fulfilling their legal commitment to provide the citizens of the State or local government with their loyal service and honest government" and that any relevant ambiguity of Section 1341 was removed by the "series of the Court of Appeals' opinions applying this very statute to schemes to defraud a State and its citizens of their intangible right to honest and faithful government") (Stevens, J., concurring); United States v. Dixon, 536 F.2d 1388, 1400 (2d Cir. 1976) ("[t]his doctrine of the deprivation of honest and faithful service has developed to fit the situation in which a public official avails himself of his public position to enhance his private advantage"). Even post-McNally, courts have not confined Section 1346 to merely "honest" services. See, e.g., Hasner, 340 F.3d at 1272 (instructing that Section 1346 applies to the "right to honest and impartial government"); deVegter, 198 F.3d at 1328 (noting "the duty of loyalty and fidelity to purpose required of public officials"); United States v. Blumeyer, 114 F.3d 758, 765 (8th

---

[5]The indictment in the McNally case charged the defendants with devising a scheme to "defraud the citizens of the Commonwealth of Kentucky . . . of their right to have the Commonwealth's business and its affairs conducted honestly, impartially, free from corruption, bias, dishonesty, deceit, official misconduct, and fraud . . . and of their right to have available and to be made aware of all relevant and pertinent facts and circumstances when selecting an insurance agent to write the Commonwealth of Kentucky's Workman's Compensation Insurance Policy [and] when committing and expending the funds of the Commonwealth of Kentucky to pay for said insurance . . . ." United States v. Gray, 790 F.2d 1290, 1293 (6th Cir. 1986). The Court of Appeals declared the indictment to have provided the defendants with more than adequate notice of the offenses charged and thereby rejected the defendants' arguments that the indictment failed (1) to allege that either defendant owed a fiduciary duty to Kentucky's citizens or that the information they withheld was material and (2) to refer to the "intangible rights doctrine." Id. at 1296-97.

-8-

Cir.) (the indictment charged a deprivation of the "right to the honest and faithful services of an elected official"), <u>cert</u>. <u>denied</u>, 522 U.S. 938, <u>and</u> <u>cert</u>. <u>denied</u>, 522 U.S.1008 (1997). <u>See</u> <u>also</u> Eleventh Circuit Pattern Jury Instructions (Criminal) 50.2 and 51.2 ("Under the law, every agent or employee representing or working for someone else – the employer – has a duty (called a fiduciary duty) to act honestly and faithfully in all of his or her dealings with the employer . . . .") Accordingly, the second superceding indictment's use of the word "faithful" in no way extends the scope of the honest services fraud counts beyond their legal limits.

Defendant Siegelman also asserts that the use of the word "faithful" thwarts the requirement of fair warning of what is and is not proscribed by criminal statutes. Siegelman's Mot. at 4. In <u>Hasner</u>, 340 F.3d at 1268-69, this Circuit rejected arguments that the "honest services" charges were unconstitutionally vague and failed to set boundaries for prosecutorial discretion. Relying on the principle that a statute's incorporation of a <u>mens</u> <u>rea</u> requirement renders null the objection that it punishes an offense without prior warning, the court held that Section 1346 was not unconstitutionally vague as applied to the defendant because the government was required to prove specific intent to defraud under Sections 1341 and 1346. <u>See</u> <u>also</u> <u>Waymer</u>, 55 F.3d at 568-69 (applying the same rationale to reject the defendant's argument that Section 1346 is unconstitutionally vague because it does not define "honest services"). Moreover, the factual specificity of the honest services fraud counts in the second superseding indictment alone belies any contention that Defendant Siegelman is unaware of the offenses and underlying conduct for which he presently faces trial.

**III.    The Honest Services Fraud Counts Sufficiently Charge the Element of Materiality**

Though the honest services fraud counts with which Defendants are charged do not expressly include the word "material," they certainly allege, contrary to Defendants' assertion, the

element of materiality. Siegelman Mot. at 4; Roberts Mot. at 5. Failure to employ the word "material" in the indictment is not required. deVegter, 198 F.3d at 1330 n.6; United States v. Bieganowski, 313 F.3d 264, 286 (5th Cir. 2002), cert. denied, 538 U.S. 1014 (2003); United States v. Causey, No. CRIM. H-04-025-SS, 2005 WL 2647976, at *24 (S.D. Texas Oct. 17, 2005). An indictment need not use specific words, as long as it alleges the charged offense by fair inference. United States v. Henderson, 416 F.3d 686, 693 (8th Cir. 2005), cert. denied, No. 05-820, 2006 WL 386492 (U.S. Feb. 21, 2006). See also Richards, 204 F.3d at 191 ("In determining the sufficiency of the indictment, [t]he law does not compel a ritual of words.") (citations and quotation omitted); deVegter, 198 F.3d at 1330 ("[l]inguistic precision is not required").

The element of materiality can be sufficiently pled by alleging facts that encompass and warrant an inference of materiality. See, e.g., Henderson, 416 F.3d at 693 (the indictment gave sufficient notice of the offense of wire fraud although it did not state that materiality is an element of that offense); Bieganowski, 313 F.3d at 286 (the failure to use the word "material" was not fatal where the factual allegations of the indictment formed a sufficient basis from which the defendant could infer that the government would attempt to prove that the falsehood was material) (relying on United States v. McGough, 510 F.2d 598, 602 (5th Cir. 1975)[6]; United States v. Caldwell, 302 F.3d 399, 410 (5th Cir. 2002) (facts alleged in the scheme to defraud concerning the information not disclosed or misrepresented "involving significant amounts of money and important business decisions – clearly warrant[ed] an inference of materiality"); Richards, 204 F.3d at 192 (the indictment was sufficient, despite its failure to employ the word "material," because the facts alleged

---

[6]See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981).

-10-

easily warranted an inference that the false statements were material); deVegter, 198 F.3d at 1330 n. 6 (the counts charging honest services fraud were in compliance with Neder because the factual allegations of a bribe sufficiently alleged that the nondisclosure of the bribe was material); Cooper, 283 F. Supp. 2d at 1232-33 (although the fraud count did not use the term "material," it sufficiently charged the concept of materiality because it tracked the statutory language and the factual allegations warranted the inference that the false representations were material).

In this case, the factual allegations in the challenged counts undeniably allege that the honest services fraud schemes charged therein were material. Defendant Siegelman is charged with multiple honest services fraud schemes that accuse him of, inter alia, soliciting, accepting, and receiving bribes in exchange for his performance of official acts and exercise of official discretion for the persons paying the bribes. See, e.g., Second Superseding Indictment, at ¶¶ 4-11, 17-22, 28-33, 43-46, 57-65, 69-71 (describing Defendant Siegelman's participation in various honest services fraud schemes). Similarly, Defendant Roberts is charged with Defendant Siegelman in an honest services fraud scheme involving bribery and public corruption concerning the Alabama Department of Transportation. Second Superseding Indictment, at ¶¶ 69-71. Without question, the challenged counts allege the materiality of the honest services fraud schemes with which Defendants Siegelman and Roberts are respectively charged. See deVegter, 198 F.3d at 1327-28 (noting that the paradigm case of honest services fraud is the bribery of a public official). Any argument otherwise would be "absurd on its face." Castro, 248 F. Supp. 2d at 1195 (labeling "absurd" the argument that a state judge's failure to disclose his receiving kickbacks from a defense attorney in exchange for appointments was immaterial).

Simply stated, the honest services fraud counts more than adequately apprise Defendants

of the elements and nature of the charges against which they must defend, including the element of materiality, and protect them against any subsequent prosecution for the same offenses.

**IV.    Counts Eighteen through Thirty-Three Sufficiently Charge Defendant Roberts with Honest Services Mail Fraud**

Defendant Roberts claims that Counts 18 through 33 of the second superseding indictment must be dismissed because they do not sufficiently allege that he was aware, prior to or at the time of his aiding and abetting the fraudulent use of the mails, of the corrupt arrangement between Defendant Siegelman and Jim Allen and the scheme to defraud. Defendant Roberts's argument is meritless. First, these counts are sufficient because they apprise Defendant Roberts of the time when he committed the offenses charged. They adequately state the time period for the scheme to defraud as well as the particular dates of the mailings that furthered that scheme. See, e.g., United States v. Hoffa, 205 F. Supp. 710, 716 (S.D. Fla.) ("The gist of the offense of the crime charged . . . is the use of the mails, and a scheme to defraud need not be set forth with such precision as if it were the gist of the offense."), cert. denied, 371 U.S. 892 (1962).

Defendant Roberts also misunderstands the theory of criminal liability under 18 U.S.C. § 2, the aiding and abetting statute. "Aiding and abetting 'is an alternative charge in every count, whether explicit or implicit, and the rule is well-established . . . that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense.'" United States v. Howard, 13 F.3d 1500, 1502 (11th Cir. 1994) (quoting United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971)). "To support a conviction for aiding and abetting an offense, the evidence must simply show that 'the defendant was associated with the criminal venture, participated in it as something he wished to bring about, and sought by his action to make it

-12-

succeed.'" Id. at 1502 (quoting United States v. Hewitt, 663 F.2d 1381, 1385 (11th Cir. 1981)). "The evidence need not show that the defendant participated in every phase of the venture." Id. See Eleventh Circuit Pattern Jury Instruction (Criminal) 7, Aiding and Abetting (Agency), 18 U.S.C. § 2 ("[I]f the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct."). By charging Defendant Roberts with aiding and abetting Defendant Siegelman with commission of the mail fraud offenses alleged therein, Counts 18 through 33 on their face assert that Defendant Roberts knew of the scheme and aided in its execution. Second Superceding Indictment, at ¶ 69. Moreover, in several paragraphs, the second superseding indictment expressly alleges that Defendant Roberts, with full knowledge, participated in an unlawful honest services fraud scheme with Defendant Siegelman concerning ALDOT. See, e.g., id. at ¶¶ 45(e), 45(f), 45(h). The facts alleged in Counts 18 through 33 sufficiently apprise Defendant Roberts of the specific offenses with which he is charged arising out of his participation in the honest services fraud scheme alleged therein.

Finally, to the extent that Defendant Roberts raises a question as to the sufficiency of the government's evidence to support the allegations in the indictment, such issue is obviously premature. See United States v. Sharpe, No. 05-11553, 2006 WL 278158 at * 5 (11th Cir. Feb. 7, 2006) (in ruling on a motion to dismiss for failure to state an offense, the court is limited to reviewing the face of the indictment); United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) ("A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure."); United States v. Critzer, 951 F.2d 306, 307 (11th

Cir. 1992) ("There is no summary judgment procedure in criminal cases," nor is the court permitted to make a "pre-trial determination of sufficiency of the evidence.").

V.     **Conclusion**

The honest services fraud counts against Defendants Siegelman and Roberts in the second superceding indictment are well pled. These counts set forth the required elements and factual bases of the offenses against which Defendants must defend, including the nature of "honest" services and the requirement of "materiality." The counts also protect Defendants against any subsequent prosecution for the same offense. The law requires no more. Consequently, this Court should deny the Motions to Dismiss.

Respectfully submitted this the 27th day of February, 2006

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email:   jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email:   jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

ANDREW C. LOURIE
ACTING CHIEF, PUBLIC INTEGRITY
SECTION

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

-15-

/s/ Joseph L. Fitzpatrick, Jr. Special Assistant
United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | **CRIMINAL NO. 2:05-CR-119-F** |
| DON EUGENE SIEGELMAN, | ) | |
| PAUL MICHAEL HAMRICK, | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2006, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to all counsel of

record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J