IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:05-cr-119-MEF |
| | ) | |
| GARY MACK ROBERTS | ) | |

### ORDER

On February 13, 2006, Defendant Roberts filed a Motion for a Daubert (or Qualification) Hearing Concerning Experts Identified by the Government or in the Alternative Motion to Exclude and Memorandum of Law in Support Thereof (Doc. # 129). The Government has identified seventeen witnesses that it may call as expert witnesses at trial. Roberts requests that the Court hold a pretrial hearing to determine those experts' qualifications and the nature of their testimony.

Federal Rule of Evidence 104(a) requires the district court to determine the qualification of a person to be a witness. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, require that, pursuant to Rule 104(a), the district court act as a "gatekeeper" and exclude unreliable expert testimony. However, nether Rule 104(a) itself nor *Daubert* require that the district court hold a pretrial hearing to determine the admissibility of expert testimony. It is within the court's discretion to decide when and how it will determine the reliability of expert testimony. *See Kumho Tire, Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *United States v. Majors*, 119 F.3d 1206, 1215 (11th Cir. 1999)(stating that district courts "have substantial discretion in deciding how to test an expert's

reliability").

Defendant Roberts claims that a pretrial hearing is necessary because he is "[f]aced with the possibility of seventeen expert witnesses whose findings, protocol and procedures remain a mystery." He asserts that he needs this information prior to trial in order to have a fair opportunity to check the experts' findings and conclusions. The government claims that the discovery provided to Defendants includes, but is not limited to, curriculum vitae of the seventeen potential witnesses, transcripts of the testimony of those who testified before the grand jury, and the reports compiled by Dr. Jay K. Lindly. The Court finds that this information is sufficient to allow Roberts a fair opportunity to challenge the credentials and/or the findings of any of the expert witnesses at the time of trial.

Furthermore, the Advisory Committee Notes to Federal Rule of Evidence 104 state that holding preliminary hearings on the admissibility of evidence may be "time consuming" and that "[n]ot infrequently the same evidence which is relevant to the issue of establishment of fulfillment of a condition precedent to admissibility is also relevant to weight or credibility, and time is saved by taking foundation proof in the presence of the jury." The government asserts that it anticipates that, at most, only two of the seventeen potential witnesses listed will offer testimony that would be considered expert testimony. It would be a waste of time for all parties involved to hold a pretrial hearing on all seventeen potential witnesses if only two will appear at trial. Thus, the Court will reserve ruling on the admissibility of expert testimony until it is offered at trial.

For the reasons set forth above, it is hereby ORDERED that Defendant Robert's Motion for a Daubert (or Qualification) Hearing Concerning Experts Identified by the Government or in the Alternative Motion to Exclude and Memorandum of Law in Support Thereof (Doc. # 129) is DENIED without prejudice, such that Roberts may raise the issue of admissibility of expert witness testimony when such testimony is offered at trial.

DONE this 15th day of March, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE