IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | CRIMINAL NO. 2:05-CR-119-F |
| ) | |
| DON EUGENE SIEGELMAN, ) | |
| PAUL MICHAEL HAMRICK, ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY. ) | |

### DEFENDANT GARY MACK ROBERTS' REQUESTED JURY INSTRUCTIONS

Comes now the Defendant Mack Roberts, and hereby moves this Honorable Court to charge the jury in this case with the following instructions numbered one through nineteen.

Respectfully submitted this the 3rd day of April, 2006.

/s/ David McKnight
David McKnight
Josh Briskman
Attorneys for Gary Mack Roberts
BAXLEY, DILLARD, DAUPHIN, MCKNIGHT
    AND BARCLIFT
2008 Third Avenue South
Birmingham, AL 35233
Telephone: (205)271-1100
Fax: (205)271-1108

### CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ David McKnight
Of Counsel

**Defendant's Requested Jury Instruction No. 1[1]**

**Duty To Follow Instructions
Presumption Of Innocence**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

_____

**Authority**: Basic Instruction 2.1: *Pattern Jury Instructions, Criminal Cases, Eleventh Circuit* (2003 revision)

____ Given


____ Refused

---

[1] If the Defendant does not testify in this case, the Defendant requests that Instruction 2.2 of the Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 revision) be substituted for this Requested Instruction.

**Defendant's Requested Jury Instruction No. 2**

**Burden of Proof**

In a criminal case, the government must prove each and every element of a charged offense beyond a reasonable doubt.

_____

**Authority:** *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *Harvell v. Nagle,* 58 F.3d 1541, 1542 (11th Cir. 1995)


____ Given


____ Refused

## Defendant's Requested Jury Instruction No. 3

## Definition Of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

_____

**Authority:** Basic Instruction 3: *Pattern Jury Instructions, Criminal Cases, Eleventh Circuit* (2003 revision)

____ Given


____ Refused

**Defendant's Requested Jury Instruction No. 4**

**Credibility Of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

_____

**Authority:** Basic Instruction 5: *Pattern Jury Instructions, Criminal Cases, Eleventh Circuit* (2003 revision)

\_\_\_\_ Given


\_\_\_\_ Refused

5

**Defendant's Requested Jury Instruction No. 5[2]**

**Impeachment - - Inconsistent Statement and Felony Conviction**
**(Defendant Testifies with No Felony Conviction)**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

_____

**Authority:** Basic Instruction 6.5: *Pattern Jury Instructions, Criminal Cases, Eleventh Circuit* (2003 revision)

\_\_\_\_ Given


\_\_\_\_ Refused

---

[2] If the Defendant does not testify in this case, the Defendant requests that Instruction 6.2 of the Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 revision) be substituted for this Requested Instruction.

6

**Defendant's Requested Jury Instruction No. 6**

**Impeachment**
**Bad Reputation (Or Opinion) Concerning Truthfulness**

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have an unfavorable opinion of the truthfulness of the witness.

You may consider those matters also in deciding whether to believe or disbelieve such a witness.

_____

**Authority:** Basic Instruction 6.7: *Pattern Jury Instructions, Criminal Cases, Eleventh Circuit* (2003 revision)

____ Given


____ Refused

## Defendant's Requested Jury Instruction No. 7

## Duty To Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

_____

**Authority:** Basic Instruction 11: *Pattern Jury Instructions, Criminal Cases, Eleventh Circuit* (2003 revision)

____ Given


____ Refused

8

**Defendant's Requested Jury Instruction No. 8**

**Character Evidence**

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

_____

**Authority:** Special Instruction 12: *Pattern Jury Instructions, Criminal Cases, Eleventh Circuit* (2003 revision)

____ Given


____ Refused

## Defendant's Requested Jury Instruction No. 9

## Expert Witnesses

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

_____

**Authority:** Basic Instruction 8: *Pattern Jury Instructions, Criminal Cases, Eleventh Circuit* (2003 revision)

_____ Given


_____ Refused

**Defendant's Requested Jury Instruction No. 10**

**Caution - - Punishment**

      The case of each Defendant and the evidence pertaining to each Defendant should be considered separately and individually. The fact that you may find any one of the Defendants guilty or not guilty should not affect your verdict as to any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offense alleged in the indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

_____

**Authority:** Basic Instruction 10.3 : *Pattern Jury Instructions, Criminal Cases, Eleventh Circuit* (2003 revision)

\_\_\_\_ Given

\_\_\_\_ Refused

**Defendant's Requested Jury Instruction No. 11**
**Mail Fraud Depriving Another Of Intangible Right Of Honest Services**
**(8 USC 1341 and 1346)**

Title 18, United States Code, Sections 1341 and 1346, make it a Federal crime or offense for anyone to use the United States mails in carrying out a scheme to fraudulently deprive another of an intangible right of honest services.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

> <u>First</u>: That the Defendant knowingly devised or participated in a scheme to fraudulently deprive the public of the intangible right of honest services, as charged;
> <u>Second</u>: That the Defendant did so willfully with an intent to defraud; and
> <u>Third</u>: That the Defendant used the United States Postal Service by mailing or by causing to be mailed some matter or thing for the purpose of executing the scheme to defraud.

The word "scheme" includes any plan or course of action intended to deceive or cheat someone; and to act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

To "deprive another of the intangible right of honest services" means to violate, or to cause a public official or employee to violate, the employee's or agent's duty to provide honest services to the employer.

Public officials and public employees inherently owe a duty to the public to act in the public's best interest. If, instead, the official acts or makes his decision based on the official's own personal interests - - such as accepting a bribe, taking a kickback or receiving personal benefit from an undisclosed conflict of interest - - the official has defrauded the public of the official's honest services even though the public agency involved may not suffer any monetary loss in the transaction.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material mailed was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the Defendant did the actual mailing.

What must be proved beyond a reasonable doubt is that the Defendant, with the specific intent to defraud, knowingly devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the indictment; and that the use of the United States mail was closely related to the scheme because the Defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.

To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen. Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate offense.

_____

**Authority:** Offense Instruction 50.2 : *Pattern Jury Instructions, Criminal Cases, Eleventh Circuit* (2003 revision)

_____ Given


_____ Refused

**Defendant's Requested Jury Instruction No. 12**

**Summary Witness and Charts -- Cautionary Instruction**

You have heard summaries by a person who was represented by the government to be an expert witness. The testimony of the summary witness was only for the purpose of assisting you to understand the evidence which had been previously introduced in the record. The witness did not testify to his own knowledge of any of the events which are relevant to these proceedings. The Court instructs the jury that the credibility of the witness is affected by the fairness of his preparation of exhibits, and the impartiality of his testimony.

Furthermore, charts and other summary materials utilized by the attorneys for the purpose of summarizing the evidence are no better than the books or the testimony upon which they are based. They are an interpretation of the evidence by the party who submitted them. It is for you to decide whether the charts, schedules or summaries correctly present the data set forth in the testimony and exhibits upon which they are based.

_____

**Authority:** *United States v. Griffin* 324 F3d 330 (5th Cir. 2003); *U.S. v. Goldberg*, (2nd Cir. 1968) 401 F2d 644, 647-48 (2nd Cir. 1968) and *U.S. v. Johnson*, 54 F3d 1150, 1160-61 (4th Cir. 1995).

____ Given

____ Refused

**Defendant's Requested Jury Instruction No. 13**

**Accomplice -- Immunity**

A witness who has testified in this case has been granted immunity from prosecution for his testimony here.

A person who testifies for the government under such a grant of immunity with a promise from the government that he will not be prosecuted is a competent witness, and you may consider his testimony and give it such weight as you think it deserves.
Such testimony, however, should be examined by you with greater care and caution than the testimony of an ordinary witness. You should consider whether the testimony may be colored in such a way as to further the witness' own interest, for a witness who realizes that he may procure his own freedom by incriminating another, has a motive to falsify.

_____

**Authority:** O'Malley Grenig, & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 15.03 (West, 5th ed. 2000); *United States v. Leonard*, 494 F.2d 955, 961-62 (D.C. Cir. 1974).


_____ Given


_____ Refused

## Defendant's Requested Jury Instruction No. 14

### Circumstantial Evidence – Reasonable Doubt

Circumstantial evidence may also permit the inference the defendant is not guilty of the offense. Again such evidence may be stronger even than a defendant's denial of guilt. That is, circumstantial evidence alone may be sufficient to create in your minds a reasonable doubt of the defendant's guilt, and if it does so, then you must find him not guilty.

_____


\_\_\_\_ Given


\_\_\_\_ Refused

**Defendant's Requested Jury Instruction No. 16**

**Accomplice - - Informer - - Immunity**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

_____

**Authority:** Special Instruction 1.1: *Pattern Jury Instructions, Criminal Cases, Eleventh Circuit* (2003 revision)

\_\_\_\_ Given


\_\_\_\_ Refused

## Defendant's Requested Jury Instruction No. 17

### Good Faith

Defendant, Mack Roberts has offered evidence of his good faith concerning the mail fraud allegations in the indictment. Good faith is a complete defense to the crime of mail fraud because good faith on the part of the defendants is inconsistent with the intent to defraud or willfulness, which is an essential part of the charges. In determining whether defendant acted in good faith or with the intent to defraud, the jury should consider all the facts and circumstances in the case. If the jury finds that defendant acted in good faith, they should be found not guilty.

---

**Authority:** Sand, et al., *Modern Federal Jury Instructions* (Lexis, 2001), Inst. 8-1, Comment, p. 8-3; see also *Durland v. United States*, 161 US 306, 314, 16 S.Ct. 508; 40 LEd 709 (1896); *United States v. Wilkinson*, 460 F.2d 725, 729 (5th Cir. 1972); *United States v. Mulder*, 147 F.3d 703, 707 (8th Cir. 1998); *United States v. Paradies*, 98 F.3d 1266, 1285 (11th Cir. 1996)

\_\_\_\_ Given

\_\_\_\_ Refused

**Defendant's Requested Jury Instruction No. 18**

**Testimony Of Law Enforcement Officers:
Credibility To Be Judged As Any Other Witness**

You have heard the testimony of law enforcement officers. The fact that a witness is employed by the state or federal government as a law enforcement officer does not mean that his testimony necessarily deserves more or less weight than that of an ordinary witness.

In fact, the point is that he is an ordinary witness. You should consider the same questions of bias, stake in the outcome, behavior while testifying, strength of recollection, experience, and logical soundness of his testimony that you consider with any other witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness, and exactly what weight, if any, to give it.

---

**Authority:** *Bush v. United States*, 375 F.2d 602 (D.C. Cir. 1967); *United States v. Greene*, Criminal No. 92-32 (S.D. Iowa 1992); *United States v. Lamon*, No. 89-CR-134 (E.D. Wis. 1989).

\_\_\_\_ Given

\_\_\_\_ Refused

## Defendant's Requested Jury Instruction No. 19
## Witness Receiving Benefit From Prosecution:
## Downward Sentencing Departure Must Be Requested By Prosecutor

In weighing the testimony of a witness who is facing federal charges or one who has been convicted, but not yet sentenced, or who has asked a court to reduce a sentence, you may consider that a federal court has only a very limited discretion in determining what sentence it will impose.

Federal law includes sentencing guidelines and a federal judge, under most circumstances, must sentence a defendant convicted of a drug offense to a term of imprisonment within the guideline range.

However, when the prosecutor believes that a defendant has given substantial assistance to the government, the prosecutor may ask this Court to impose a sentence below the guideline range and then the Court has the power to do so. A defendant cannot secure such a reduction by himself; the Court cannot do it on its own.

If the prosecutor does not ask for a "downward departure," then the Court is powerless to give one regardless of its attitude toward a defendant.

_____

**Authority:** *Bush v. United States*, 375 F.2d 602 (D.C. Cir. 1967); *United States v. Greene*, Criminal No. 92-32 (S.D. Iowa 1992); *United States v. Lamon*, No. 89-CR-134 (E.D. Wis. 1989).

____ Given

____ Refused