IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS.                       ) | CRIMINAL NO. 2:05-CR-119-F |
| ) | |
| DON EUGENE SIEGELMAN,      ) | |
| PAUL MICHAEL HAMRICK,      ) | |
| GARY MACK ROBERTS, and     ) | |
| RICHARD M. SCRUSHY.        ) | |

**DEFENDANT GARY MACK ROBERTS' MOTION *IN LIMINE*
TO EXCLUDE STATEMENTS OF CO-DEFENDANTS,
ALLEGED CO-CONSPIRATORS AND ACCOMPLICES**

COMES NOW Defendant, Gary Mack Roberts ("Roberts"), by and through the undersigned counsel, and hereby submits the following Motion *in Limine*. This Motion is based upon the authorities herein the pleadings and papers in this action, and such other evidence and argument as may be presented at a hearing on this Motion.

It is unknown if the Government will attempt to produce statements of several Defendants (or other alleged co-conspirators or accomplices) named (or unnamed) in the Second Superseding Indictment including: Don Eugene Siegelman, Paul Michael Hamrick, and Richard M. Scrushy but out of an abundance of caution Roberts submits that the Government's introduction of or reference to any portion of such statements of Co-Defendants in this case, where such Co-Defendants, or alleged co-conspirators or accomplices do not testify at trail, violates Roberts' rights to a fair trial under Bruton v. United States, 391 U.S. 123 (1968), Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), as well as the Confrontation Clause of the Sixth Amendment. Therefore, any statements of non-testifying co-Defendants, alleged co-conspirators or accomplices should be excluded from trial.

## ARGUMENT

I. **Statements of Co-Defendants/Co-Conspirators/Accomplices Should Be Excluded under <u>Bruton v. United States</u>.**

The supreme Court held in <u>Bruton</u> that a non-testifying co-defendant's extrajudicial statements are inadmissible as violative of the confrontation Clause. <u>Bruton</u>, 391 U.S. at 137. Bruton and co-defendant Evans were jointly tried and convicted on a federal charge of armed postal robbery. A postal inspector interrogated Evans, and Evans confessed that he and an unnamed accomplice committed the armed robbery. At trial, the interrogating postal inspector testified that Evans confessed to him that Evans and Bruton committed the armed robbery. On appeal to the Eighth Circuit, the appellate court upheld Bruton's conviction on the basis that the trial court issued a limiting instruction to the jury "that although Evans' confession was competent evidence against Evans it was inadmissible hearsay against [Bruton] and therefore had to be disregarded in determining [Bruton's] guilt or innocence. 391 U.S. at 125. The supreme Court reversed the appellate court's decision and held, "because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining {Bruton's] guilt, admission of Evan's confession in this joint trial violated [Bruton's] right of cross examination secured by the confrontation clause of the Sixth Amendment." <u>Id</u>. At 126. The Court later reiterated that a defendant's right to cross-examination secured by the Confrontation Clause cannot be exchanged for a court's admission of co-defendants statements subsequently tempered with limiting instructions regarding such statement, holding that "Despite that concededly clear instructions to the jury to disregard Even's inadmissible hearsay evidence inculpating [Bruton's] constitutional right of cross-examination." <u>Id</u>. At 137.

In the present case Roberts would face an analogous scenario to that of Bruton if any of the Co-Defendants, Co-Conspirators or Accomplices who were interviewed by federal investigating agents should choose to exercise their Fifth Amendment rights and refrain from testifying at trial, Roberts will be unable to cross-examine these persons. Thus, if the statements of these persons are admitted at trial through some other means, i.e. the testimony of an investigating officer, Roberts will be left in the untenable position of facing statements on the record regarding his culpability against which he cannot defend himself through cross-examination.

As the Supreme Court observed in Bruton, the possibility for damage and prejudice to a defendant through admission of co-defendants' statements cannot be cured simply through a limiting instruction. Thus, if Co-Defendants statements were to be admitted in the instant case, even if the jury were instructed not to consider the statements during their deliberations regarding Roberts, the inherent danger that the jury may base Roberts' guilt or innocence based upon such statements is too great. The jury may incorrectly make determinations about what Roberts knew or did not know, did or did not do, with respect to the alleged bribes, through an inability, even inadvertently, to sort out this highly prejudicial evidence for its proper, admissible purpose rather than its improper, inadmissible purpose against Roberts.

Based upon the foregoing, Roberts submits that this Court should exclude any evidence which arguable might fall within the scope of Bruton and if necessary, hold a special pre-trial hearing to evaluate the application of Bruton to such evidence.

## II. Statements of Co-Defendants/Co-Conspirators/Accomplices Should Be Excluded under Crawford v. Washington.

Likewise, Roberts respectfully requests that this Court preclude the use or introduction at trial of any testimonial statements of Co-Defendants, alleged Co-Conspirators or Accomplices in violation of Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004). In Crawford, the United States Supreme Court addressed the application of the Confrontation Clause of the Sixth Amendment[1] to testimonial statements. The defendant in Crawford was charged with assault and attempted murder. At trial, the Government sought to introduce into evidence statements made by the defendant's wife, who had initially given a statement to investigating police officers. The defendant's wife invoked the marital privilege available under the law of the State of Washington and refused to testify at trial. The defendant was thus faced with the prospect of having his wife's statement used against him and not having the opportunity to cross-examine her. Under the supreme Court's prior jurisprudence, particularly Ohio v. Roberts, 448 U.S. 56 (1980), such testimony could be admitted if it fell within a hearsay exception or was otherwise trustworthy. Id. at 66.

Writing for the majority in Crawford, however, Justice Scalia rejected the applications of Roberts in the context of testimonial statements. Specifically, the Court held that the testimonial statement of a witness cannot be introduced at trial unless the defendant had an opportunity to cross-examine that witness. 124 s. Ct. at 1374. To allow the introduction of such evidence without such opportunity constitutes a violation of the confrontation Clause of the sixth Amendment. Whether or not such statements bear the "indicum or reliability" – as required under Roberts – was, to the court, completely irrelevant to the constitutional analysis.

---

[1] In pertinent part, the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right...to be confronted with the witnesses against him."

4

One of the critical issues in determining the precise applications of Crawford is determining precisely what "testimonial" statement is. See United States v. Lung Fong Chen, 393 F.3d 139, 150 (2d Cir. 2004)(noting that "the Supreme court refused to provide a comprehensive definition of the term 'testimonial[.])". Although the court in Crawford provided various formulations of the term "testimonial" privilege[2], it declined to specifically endorse any of them. 124. S. Ct. At 1374. It is clear from Crawford, however, that "[s]tatements taken by police officers in the course of interrogations are... testimonial[.]" Id. The court used the term "interrogation" in its "colloquial, rather than any technical legal, sense" and observed that a "recorded statement knowingly given in response to structured police questioning qualifies[.]" Id. At 1364. n. 4.

In the instant case, a clear instance of unavailability is the invocation of the Fifth Amendment right against self-incrimination. In this regard, Roberts could be place in the same position as the defendant in Crawford – faced with testimonial evidence from a witness unavailable for cross-examination. Any testimonial statements by Co-Defendants or by any other witnesses (including indicted or un-indicted co-conspirators or accomplices) who are not made available for cross examination by Roberts, cannot be introduced at trial because to do so would

---

[2] See Crawford, 124 S. Ct at 1364:

> Various formulations of this core class of "testimonial" statements exist: "ex parte in-court testimony or its functional equivalent–that is, material such as affidavits, custodial examination, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to the used prosecutorially," Brief for Petitioner 23: "extrajudicial statements...contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions," White v. Illinois, 502 U.S. 346, 365(1992) (Thomas, J., joined by Scalia, J., concurring in part and concurring in judgment); "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial," Brief for National Association of Criminal Defense Lawyers et al. as Amici Curiae 3. These formulations all share a common nucleus and then define that Clause's coverage at various levels of abstraction around it. Regardless of the precise articulation, some statements qualify under any definition-for example, ex parte testimony at a preliminary hearing.

5

violate the clear edict of Crawford and, more importantly, the fundamental constitutional protections guaranteed by the Confrontation Clause of the Sixth Amendment. See United States v. Jones, 371 F.3d 363 (7th Cir. 2004( (holding that because defendant "never had an opportunity to cross-examine [absent co-conspirator]...under Crawford...no part of [co-conspirator's] confession should have been allowed into evidence.").

In light of the inchoate nature of the term "testimonial," Roberts believes that this court should require the Government to disclose to Roberts any evidence which arguably might fall within the scope of Crawford and hold a special pre-trial hearing to evaluate the application of Crawfords to such evidence.

## CONCLUSION

WHEREFORE, premises considered, defendant Gary Mack Roberts respectfully requests that this Honorable Court enter an Order precluding the use during opening and closing statements or the introduction at trail of any testimony or evidence regarding non-testifying co-defendants' and co-conspirators' statements for the reasons set forth in the above sections.

Respectfully submitted

_/s/ David McKnight_
David McKnight
Josh Briskman
Attorneys for Gary Mack Roberts
BAXLEY, DILLARD, DAUPHIN, MCKNIGHT
    AND BARCLIFT
2008 Third Avenue South
Birmingham, AL 35233
Telephone: (205)271-1100
Fax: (205)271-1108

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                    /s/ David McKnight
                                  Of Counsel