IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CRIMINAL NO. 2:05-CR-119-F |
| | ) | |
| DON EUGENE SIEGELMAN, | ) | |
| PAUL MICHAEL HAMRICK, | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY. | ) | |

## DEFENDANT GARY MACK ROBERTS' OBJECTIONS TO UNITED STATES' PROPOSED JURY INSTRUCTIONS

Comes now Defendant Mack Roberts ("Roberts") and submits the following objections to the United States' Proposed Jury Instructions.

1. United States' Proposed Jury Instruction No. 7 is objected to as it constitutes an impermissible commentary on the right of a Defendant not to testify, especially if less than all of the Defendants testify. Furthermore, the instruction discusses the weight the testimony of a Defendant should be given if a Defendant chooses to testify.

It is fundamental that a Defendant has the right not to testify and that a prosecutor may not comment on a Defendant's failure to testify.

> [A] prosecutor impermissibly comments on the defendant's right to remain silent where: '(1) the statement was *manifestly intended* to be a comment on the defendant's failure to testify; or (2) the statement was of such a character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.'

*United States v. Knowles*, 66 F.3d 1146, 1162-63 (11th Cir. 1995).

Giving the requested instruction would be unduly prejudicial to those Defendants,

if any, who do not testify as the jury would as a matter of course naturally and necessarily take it to be a comment on the failure of any Defendants who don't testify.

The requested charge is also objected to as it impermissibly raises the inference that a Defendant should be disbelieved simply because a Defendant is charged with a crime. Thus, the instruction constitutes an impermissible burden shift onto the Defendant.

2. Roberts objects to United States' Proposed Jury Instruction 12, an introductory offense instruction on conspiracy cases. Roberts is not charged with conspiracy. However, he is referenced in this charge. The fact that Roberts is even mentioned in Proposed Instruction 12 creates a high risk of confusing the jury, is misleading and therefore unduly prejudicial to Roberts. The Proposed Instruction highlights the grounds and logic supplied in Roberts' Motion for Severance. Roberts renews and incorporates as if set forth herein his Motion for Severance.

3. Roberts objects to United States' Proposed Jury Instruction 13, an instruction on conjunctive charging. In this Proposed Instruction, the United States encourages a reading of the indictment which wholly supports and substantiates Roberts' Motion to Dismiss. The proposed instruction reads in part, "[i]n other words, where the word 'and' is used in the indictment to charge a Defendant with different means by which the crime was committed, the Government need only prove one of those means beyond a reasonable doubt to convict the Defendant." In Roberts' Motion to Dismiss, he argued that in the second superceding indictment 'the government alleges a deprivation of 'the honest **and faithful** services of' Siegelman and Roberts. The surplusage of 'and faithful'

alters the very nature of the allegation to the point where it no longer constitutes a violation of 1346." See Roberts' Motion to Dismiss. Assuming such a construction by a juror, a jury could find a deprivation of some so-called "faithful" service and convict on that basis without believing a deprivation of honest services had occurred, as required by the statute. Therefore, a jury could convict on the basis of activity which does not constitute a defense. Roberts objects to the proposed instruction and hereby renews and incorporates as if set forth herein his Motion to Dismiss.

4.   United States' Proposed Jury Instruction No. 21 is objected to as it can be read to mandate conviction of Mail Fraud 18 USC §§ 1341 and 1346 without a finding that the acts alleged were committed with the intent to defraud. Intent is an indispensable element of Mail fraud, as set out in the Proposed Instruction and Eleventh Circuit Pattern Jury Offense Instruction 50.2. Specifically the Proposed Instruction reads "*[t]he word 'scheme' includes any plan or course of action that deceives, deprives, or cheats the public out of, **or that intends** to deceive, deprive, or cheat the public out of intangible right to honest services by employing a material falsehood or promise, concealing a material fact or omitting a material fact.*" Therefore, United States' Proposed Jury Instruction No. 21 is objected to.

Respectfully submitted this the 10th day of April, 2006.

/s/ S. Joshua Briskman
S. Joshua Briskman
David McKnight
Attorneys for Gary Mack Roberts
BAXLEY, DILLARD, DAUPHIN,
MCKNIGHT & BARCLIFT
2008 Third Avenue South
Birmingham, AL 35233
Telephone: (205)271-1100
Fax: (205)271-1108

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ S. Joshua Briskman
Of Counsel