## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN | ) | |
| PAUL MICHAEL HAMRICK | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY. | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT HAMRICK'S MOTION IN LIMINE TO BAR EVIDENCE RELATING TO OBSTRUCTION OF JUSTICE CHARGES

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby files its Response to Defendant Paul Michael Hamrick's Motion in Limine Regarding Evidence and Argument Regarding Alleged 18 U.S.C. § 1512(b)(3) Obstruction of Justice in Counts One, Two, and Fifteen (hereinafter, the "Motion").

Hamrick's Motion should be denied. The Motion not only disregards the Court's prior Order denying the exact same request, but it also asks that the Court make a sufficiency of the evidence determination–a request that is improper for a Motion in Limine. Moreover, even if the relief requested were available (which it is not), Hamrick's interpretation of Section 1512(b)(3) is unsound. The evidence to be presented is therefore probative and relevant to several valid counts of the Second Superceding Indictment, and the jury should hear it.

As grounds to support its position, the United States submits the following:

I.    **Hamrick's Motion Ignores the Court's Previous Ruling and Is an Inappropriate Use of a Motion in Limine.**

Hamrick's Motion should be denied; the Motion mimics a previously denied request.  On February 27, 2006, Hamrick requested that the Court dismiss and strike the "misleading conduct" language of Section 1512(b)(3), which was found in various counts of the Superceding Indictment.[1] As an alternative to dismissal, Hamrick also requested a limiting procedure to prevent the introduction of Section 1512(b)(3) evidence.[2]  After the Magistrate Judge denied his request, Hamrick filed objections with the Court, disagreeing with the substance of the Magistrate Judge's conclusion[3] and expressing a concern that the Magistrate's Report and Recommendations did not address his request for a limiting procedure.[4]  This Court, however, overruled the objection and adopted the Magistrate's Report and Recommendations.[5]  In his current Motion, Hamrick requests the same relief,[6] but he provides no new or compelling reason to grant it.  Thus, his Motion should again be denied.

Moreover, even if the request had not been previously denied, the relief that Hamrick seeks

---

[1] Doc. # 156 at 1 ("Mr. Hamrick therefore respectfully requests that the Court dismiss [that charge] and strike the ["misleading conduct"] language from the second superseding indictment, which forms the basis for Count Fifteen and Racketeering Act 3 in Counts One and Two . . . .")

[2] Doc. # 223 at 11.

[3] Doc. # 264 at 6-8.

[4] Id. at 8 ("Mr Hamrick asked in his reply brief that the Court consider establishing a procedure to determine – before the 1512(b)(3) evidence is presented to the jury . . . .  The Magistrate Judge did not address that request in his Recommendation.")

[5] Doc # 294.

[6] Doc. # 287 at 1-2, 8 (requesting an evidentiary session out of the presence of the jury).

is inappropriate for a motion in limine. The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain pieces of evidence. See Luce v. United States, 469 U.S. 38, 41 n. 4 (1984) (noting that although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials). Although Hamrick's request masquerades as a motion in limine, it essentially is a motion for a judgment as a matter of law. In his Motion, Hamrick discusses the history of Section 1512(b)(3),[7] and he theorizes on how the Government's evidence will be insufficient to prove a violation of Section 1512(b)(3). A sufficiency of the evidence argument, however, is not appropriate for a motion in limine. Rather, "'it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed.'" Bowden ex rel. Bowden v. Wal-Mart Stores, Inc., Case No. CIV. A. 99-D-880-E, 2001 WL 617521, *1 (M.D.Ala. Feb. 20, 2001) (DeMent, J.) (citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir.), cert. denied, 423 U.S. 987 (1975) (other citations omitted).

Hamrick only theorizes from the grand jury transcripts of this case. Hamrick, however, does not know everything that the Government's witness will say, or what the evidence will prove. Because he does not know this information, but would like to, it is apparent that he again is attempting to learn the Government's trial theories, strategies, and evidence before the witnesses have testified in front of the Jury. Hamrick, however, is "not entitled to discover all the over acts that might be proved at trial." United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.) cert. denied, 439 U.S. 819 (1978). Nor is he entitled to a list of all possible witnesses that the Government might call

---

[7] Id. at 5-7.

to prove a charge.  <u>United States v. Pena</u>, 542 F.2d 292, 294 (5th Cir. 1976).  Thus, Hamrick's request should be denied.

Hamrick will not, however, be without a remedy.  If at the close of the Government's case-in-chief, he still believes that the Government has not sufficiently proven a violation of counts in question, then he may move for acquittal under Rule 29 of the Federal Rules of Criminal Procedure.  Because the Superceding Indictment properly notifies Hamrick of what charges he faces under Section 1512(b)(3) and because the Government is entitled to present evidence against him for those charges, Hamrick's attempts to limit this relevant and probative evidence fails.

## II.    Moreover, Hamrick's Statutory Interpretation of Section 1512(b)(3) Is Flawed.

Even if it were appropriate for the Court to address a sufficiency of the evidence argument at this time or prior to the close of the Government's case-in-chief, (which it most decidedly is not), Hamrick's argument would still fail.  The relevant terms of Section 1512(b)(3) make it a crime to "with intent to . . . hinder, delay or prevent the communication to a law enforcement officer . . . of information relating to the commission or possible commission of a Federal offense . . . ." to:

(1)    "knowingly . . . corruptly persuade [ ] another person";

(2)    "or attempt to do so"; or

(3)    to knowingly "engage[ ] in misleading conduct toward another person . . . ."

18 U.S.C. § 1512(b)(3).  Hamrick theorizes that he cannot be convicted of this statute under his version of the facts, which he believes that the Government will introduce at trial.  Hamrick's theory, however, has a variety of legal problems.

First, Hamrick's reading of the statute is too narrow.  Section 1512(b)(3) is a broad statute, which is intended criminalize "a wide range of conduct that thwarts justice." <u>United States v. Veal</u>,

153 F.3d 1233, 1247 (11th Cir. 1998) cert. denied, 526 U.S.1147 (1999) (noting also that Congress intended to "protection against the rare type of conduct that is the product of the inventive criminal mind . . . ."). "By its plain wording, § 1512(b)(3) is designed to ensure that information received by federal investigators or judges regarding a potential federal crime be correct, truthful, and complete to facilitate a full and fair investigation and adjudication." Id. at 1252. Section 1512(b)(3) thus covers any "'conduct the function of which is to tamper with a witness, or informant in order to frustrate the ends of justice." Id.

Nevertheless, despite this rather unambiguous language from the Eleventh Circuit, Hamrick supports his more narrow interpretation of Section 1512(b)(3) with United States v. King,[8] an old Second Circuit case. In King, the defendant, however, was charged under an older version of Section 1512(b)(3). 762 F.2d at 236. His indictment alleged only that he "knowingly engage[d] in misleading conduct toward another person." Id. At trial, the only evidence presented was that the defendant "simply and flat-out, tried to persuade [a witness] to lie to mislead the government." Id. at 237 (citations omitted). Because at that time, the "corruptively persuade" language was not part of Section 1512(b)(3), the Second Circuit found that merely encouraging someone to lie to federal prosecutors did not violate Section 1512(b)(3). Id. Section 1512(b)(3), however, has been amended, and it is most likely that King would now be convicted for this conduct under Section 1512(b)(3).[9] Thus, Hamrick's interpretation of 1512(b)(3) is flawed.

---

[8] 762 F.2d 232 (2d Cir. 1985) cert. denied, 475 U.S. 1018.

[9] As the Eleventh Circuit later noted after the amendment to Section 1512(b)(3), "[s]eeking to foster the communication of truthful, nonmisleading information to federal authorities regarding a possible federal crime is the important federal interest that § 1512(b)(3) effectuates." Veal, 153 F.3d at 1251.

Moreover, Hamrick's contention that the Eleventh Circuit has relied upon *King*, could not be more tenuous.  In Veal, a case issued thirteen years after <u>King</u>, the Eleventh Circuit recited the conduct of Veal and his co-defendants.  762 F.2d at 1247.  To contrast this conduct with what existed prior to the amendment to 1512(b)(3), the *Veal* opinion cited to <u>King</u> with a <u>cf.</u> signal.  <u>Id.</u>  The signal <u>cf.</u> is "[a]n abbreviated form of the Latin word confer, meaning 'compare. '[It d]irects the reader's attention to another part of the work, to another volume, case, etc., where <u>contrasted</u>, analogous, or explanatory views or statements may be found." <u>Black's Law Dictionary</u> 229 (6th ed. 1990) (emphasis added).   For Hamrick to urge that the Eleventh Circuit has "cited to <u>King</u> with approval" is disingenuous.

Finally, Hamrick's reading of the statue only focuses on the parts of the statute that deal with "misleading conduct" or "corruptive persuasion."  Section 1512(b)(3), however, provides for a third type of prohibited conduct: "attempted corruptive persuasion."  <u>See United States v. Shotts</u>, 145 F.3d 1289, 1299-01 (11th Cir. 1998) <u>cert. denied</u> 525 U.S. 1177 (1999) (sustaining a conviction in which defendant "was attempting with an improper motive to [corruptively] persuade [a witness] not to talk to the FBI").   Hamrick, however, never addressed this part of the statute in his motion in limine. Nevertheless, "[e]vidence should be excluded on a motion in limine <u>only</u> when the evidence is <u>clearly inadmissible on all potential grounds</u>." <u>United States v. Paredes</u>, 176 F.Supp.2d 183, 186 (S.D.N.Y 2001) (citations omitted) (emphasis added).   Therefore, because Hamrick "has the burden of demonstrating that the evidence is inadmissible on <u>any relevant ground</u>," <u>Bowden</u>, 2001 WL 617521, at *1 (citations omitted) (emphasis added),[10] and he cannot, his Motion in Limine must fail. <u>See also</u>

---

[10]<u>See also</u> <u>United States v. Caputo</u>, 313 F.Supp.2d 764, 768 (N.D. Ill. 2004) ("A motion in limine should only be granted where the evidence is clearly inadmissible for any purpose."); <u>Bowden</u>, 2001 WL 617521, at *1 ("Thus, the motion in limine is an effective approach only if

<u>Hawthorne Partners v. AT & T Tech., Inc.</u>, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.")

**III.    Conclusion**

The Court should deny Hamrick's motion to limit testimony concerning Section 1512(b)(3). Not only has the Court already denied this request, but the new request also attempts to limit relevant, probative evidence that the Government is permitted to introduce against Hamrick.  If Hamrick wants to challenge the sufficiency of the evidence against him–as his Motion in Limine attempts to do–then the appropriate time to do this is at the close of the Government's case-in-chief.

the evidence at issue is clearly inadmissible.")

Respectfully submitted this the 10th day of April, 2006

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email:  jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

ANDREW C. LOURIE
ACTING CHIEF, PUBLIC INTEGRITY
SECTION

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| | **)** | |
| **vs.** | **)** | **CR. NO. 2:05-cr-119-MEF** |
| | **)** | |
| **DON EUGENE SIEGELMAN,** | **)** | |
| **PAUL MICHAEL HAMRICK,** | **)** | |
| **GARY MACK ROBERTS, and** | **)** | |
| **RICHARD M. SCRUSHY.** | **)** | |

### CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.            ACTING
UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
LOUIS V. FRANKLIN, SR.
Acting United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
louis.franklin@usdoj.gov