IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DON EUGENE SIEGELMAN )<br>PAUL MICHAEL HAMRICK )<br>GARY MACK ROBERTS, and )<br>RICHARD M. SCRUSHY. ) | CRIMINAL NO. 2:05-CR-119-MEF |

**RESPONSE TO DEFENDANT SCRUSHY'S OBJECTIONS TO
THE UNITED STATES' TRIAL EXHIBITS**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby files its Response to Defendant Scrushy's Objections to the United States' Proposed Trial Exhibits.

As a threshold matter, the United States addresses Defendant Scrushy's claim that he has not had adequate time to review the government's proposed exhibits. Conveniently, Defendant Scrushy failed to inform the Court that he has already received the vast majority of the United States' proposed exhibits in the discovery provided to him months ago. Furthermore, while he provided his proposed exhibits to the government on April 13, 2006, and the government provided its proposed exhibits for pick-up on April 14, 2006, this arrangement was pursuant to an agreement to accommodate defense counsel who wished to leave Montgomery before the designated exchange date. Although the government's proposed exhibits were timely available, defense counsel requested that the government express mail for overnight delivery the exhibits to his office in Atlanta, Georgia. Defendant Scrushy cannot now complain that the United States spent public funds for his

convenience in an exercise of professionalism.

Defendant Scrushy admittedly recognizes that his objections to the government's exhibits are general in nature and acknowledges that most will be resolved at trial by the government's presentation of each of its exhibits. In addition to presenting a proper foundation pursuant to Fed. R. Evid. 901 for each exhibit, the government will establish that the exhibit falls outside of the hearsay proscriptions of Fed. R. Evid. 801© and 802; that the evidence is both relevant and material; and that its probative value outweighs any unfair prejudice or confusion and therefore is admissible pursuant to Fed. R. Evid. 403.

The only objection meriting a specific response at this time is Defendant Scrushy's objection to Government's Exhibits 25 and 32, Nicholas D. Bailey's and Michael Martin's plea agreements, respectively. Scrushy argues that these exhibits should be excluded or, at a minimum, heavily redacted. His argument that the documents are inadmissible in their entirety is meritless. At the same time, the government understands the perils of improperly vouching for its witnesses and does not intend to use these exhibits to do so.

As mentioned above, Scrushy is wrong to contend that the documents are inadmissible. "[T]he admission into evidence of plea agreements does not constitute impermissible bolstering of the witness's credibility." United States v. Martin, 815 F.2d 818, 821 (1st Cir. 1987) (citing cases). See, e.g., United States v. Collins, 415 F.3d 304, 308 (4th Cir. 2005) ("[T]his Court . . . found no improprieties in permitting the government to introduce the terms of the cooperator's plea bargain during the government's case in chief.") (quotation marks and alterations omitted); United States v. Renteria, 106 F.3d 765, 767 (7th Cir. 1997) ("[I]t is well-settled in this circuit that the contents of a plea agreement, including truthfulness provisions, may be elicited on direct examination."). "The

prosecutor may elicit testimony about its terms, attack the credibility of the witness because of it and even refer to the plea agreement of a government witness in an attempt to deflect defense counsel's use of the agreement to attack the witness's credibility." United States v. Francis, 170 F.3d 546, 550 (6th Cir. 1999) (citing United States v. Monroe, 943 F.2d 1007 (9th Cir. 1991)). Any such use of the plea agreements by the government would be entirely proper.

What the government does not intend to do with the plea agreements is to improperly vouch for the credibility of its witnesses. The Eleventh Circuit has identified two ways in which the government might do so: "First, the prosecution may place the prestige of the government behind the witness, by making explicit personal assurances of the witness' veracity. Secondly, a prosecutor may implicitly vouch for the witness' veracity by indicating that information not presented to the jury supports the testimony." United States v. Sims, 719 F.2d 375, 377 (11th Cir. 1983) (citations omitted) (holding that improper vouching did not occur though the prosecutor questioned his witness about that witness's immunity agreement with the government and also referred to the agreement in closing).

In United States v. Cano, 289 F.3d 1354, 1365-56 (11th Cir. 2002), the Court of Appeals held that the defendants had failed to meet either standard where the government had questioned the witnesses regarding only the truth-telling portions of the plea agreements and had brought out the fact that, per the agreements, the witnesses were subject to perjury. "No jury could reasonably believe these types of questions put the prestige of the government behind each witness or indicated that the prosecutor was implying there was evidence beyond what was presented to the jury that supported the witness's testimony." Id. at 1366 (citing United States v. Castro, 89 F.3d 1443, 1457 (11th Cir. 1996)).

3

Furthermore, as the First Circuit stated in <u>Martin</u>, redaction is often the wrong course.

> Such agreements may often, as in the present case, point in different directions: a warning therein that the defendant will be prosecuted for false testimony enhances his credibility as a witness, but the rewards promised to him in the same document may undermine his credibility by showing that he stood to gain from incriminating others. [R]edaction would leave the jury with a slanted and false picture of what the bargain entailed. Only by viewing the entire agreement can the jury get the whole picture, from which to assess, as best it can, the probable motives or interests the witnesses could have in testifying truthfully or falsely.

815 F.2d at 821.

For these reasons, Scrushy's objections are meritless, and Government's Exhibits 25 and 32 should be admitted in their entirety.

The United States submits the following in response to Defendant Scrushy's claim that he was not provided the following exhibits:

> Exhibit 29: The government has diligently pursued all possibilities of obtaining this document and will continue that effort. It was designated as a proposed exhibit in the event it in fact exists and the government can locate it prior to trial. If it is located, it will be immediately provided to Defendants. At this time, however, the government can conclude only that, while it was mentioned in a single conversation, it was a verbal agreement, not formally drafted as an actual proffer agreement.

> Exhibit 54: These documents are not in the government's possession. They are the subject of a subpoena duce tecum to the Custodian of Records for the Alabama Medicaid Agency.

Finally, the government provides, as Attachment B to this Response, Michael D. Martin's 5K.1 Motion for Departure, designated on the government's exhibit list as Exhibit 33. In addition, the government has renumbered Exhibit 34 as 34a and included Exhibit 34b.

Respectfully submitted this the 21st day of April, 2006

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | ANDREW C. LOURIE<br>ACTING CHIEF, PUBLIC INTEGRITY SECTION |

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN, ) | |
| PAUL MICHAEL HAMRICK, ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    Respectfully submitted,

    LOUIS V. FRANKLIN, SR.
    ACTING UNITED STATES ATTORNEY

    /s/ J.B. Perrine
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334)223-7280
    Fax:   (334)223-7135
    Email: jb.perrine@usdoj.gov
    ASB-9077-E31J