IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
MAY 15 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DON EUGENE SIEGELMAN | ) | CRIMINAL NO. 2:05-CR-119-MEF |
| PAUL MICHAEL HAMRICK | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY. | ) | |
| | ) | |
| | ) | |

### GOVERNMENT'S MOTION TO BAR DEFENDANTS FROM PRESENTING TESTIMONY, EVIDENCE, ARGUMENT OR QUESTIONING PERTAINING TO THE MEANS BY WHICH CONTRIBUTIONS WERE MADE TO OR REPORTED BY PUBLIC OFFICIALS OR CANDIDATES OTHER THAN THE DEFENDANTS AND TO ANY ILLEGAL AGREEMENT ANY PERSON MAY HAVE HAD WITH ANY PUBLIC OFFICIAL OR CANDIDATE OTHER THAN THE DEFENDANTS

Comes now the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and respectfully moves this Court for an Order precluding the defendants, counsel for the defendants, and defendants' witnesses from mentioning, referencing, introducing, offering, or attempting to introduce or offer any evidence, testimony, argument or questioning pertaining to the means by which contributions were made to or reported by public officials or candidates other than the defendants and to any illegal agreement any person may have had with any public official or candidate other than the defendants. Evidence, testimony, argument, or questioning to this effect should not be permitted for three reasons. First, it is not relevant to the issues in this case. Second, even if relevant, it should be excluded under Federal Rule of Evidence 403 on the ground that its probative

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. Finally, to the extent the defendants intend to argue that the government has selectively prosecuted them, the selective prosecution defense is an issue for the Court, not the jury, to decide.

I. **Evidence Pertaining to the Means by Which Contributions Were Made to or Reported by Public Officials or Candidates Other than the Defendants and to Any Illegal Agreement Any Person May Have Had with Any Public Official or Candidate Other than the Defendants is Irrelevant or, in any event, is Inadmissible under Rule 403**

Based on their opening statements and cross-examination questions to date, the government believes that the defendants intend to question witnesses about the means by which contributions were made to and reported by public officials and candidates other than the defendants and about any illegal agreement any person may have had with any public official or candidate other than the defendants (hereinafter "extrinsic political activity"). Such examination is utterly irrelevant, and defense counsel should not be allowed to engage in it under Fed. R. Evid. 401. In the alternative, even if relevant, such testimony should be disallowed under Fed. R. Evid. 403 on the ground that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury.

Where a defendant's "proffered evidence does not bear a logical relationship to an element of the offense or an affirmative defense, whether direct or indirect, a defendant has no right to introduce that evidence and a district court may properly exclude it." United States v. Hurn, 368 F.3d 1359, 1365 (11th Cir. 2004); see also Fed. R. Evid. 401 (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").

2

In short, any extrinsic political activity, which did not involve the defendants, did not concern the defendants, did not affect the defendants in any way, and bears no logical relationship whatsoever to any element of the charges or possible defenses here, is utterly irrelevant and therefore inadmissible. It is just the sort of evidence a trial court may exclude because "the relationship between the evidence and the element of the offense or affirmative defense at issue is simply too attenuated." Hurn, 368 F.3d at 1366. In other words, "the chain of inferences linking [the] evidence and the legally relevant point to be proven is simply too long, dubious, or attenuated to require that the evidence be introduced." Id.; cf. United States v. Elliott, 62 F.3d 1304, 1308 (11th Cir. 1995) ("The fact that [defendants] avoided wrongdoing in their dealings with five customers not named in the indictment is inconsequential in determining whether both made fraudulent representations to the nineteen victims listed in the indictment."); United States v. Ramos, 933 F.2d 968, 974 (11th Cir. 1991) (holding that, where defendants' theory was that Miami DEA agents had planted drugs and stolen money, coconspirator's testimony that New York DEA agents discussed stealing money from drug dealers was properly excluded, as it did not implicate Miami agents).

In any event, even if any extrinsic political activity has some faint relevance, and it does not, that shadow is substantially outweighed by all of the dangers Rule 403 warns against. Specifically, such evidence would unfairly prejudice the government by unfairly paralleling the witness's relationship with any other official or candidate and that witness's relationship with the defendants, without any basis in fact whatsoever. It would also be unfairly prejudicial because the jury might speculate that the government has selectively prosecuted these defendants. See infra Part II. In addition, it would confuse the issues. No other public official or political candidate is on trial here, and a witness's relationship with any other official or candidate has nothing to do with any issue in

this case. Nor is selective prosecution an appropriate issue for the jury to consider. Finally, it would unduly delay the trial and waste the Court's time, as it is entirely irrelevant to the charges and any proper defense in this case.

For these reasons, the Court should order the defendants not to engage in any questioning or attempt to elicit any testimony regarding any extrinsic political activity. The government requests that the Court should further preclude the defendants, counsel for the defendants, and defendants' witnesses from mentioning, referencing, introducing, offering, or attempting to introduce or offer any such evidence or argument. This prohibition should encompass any reference by defense counsel in cross-examination to an assumed fact not in evidence. See United States v. Medel, 592 F.2d 1305, 1314 (5th Cir. 1979) (holding that sustaining an objection to a defendant's questions on cross-examination was not error where they assumed facts not in evidence)[1]; Skogen v. Dow Chemical Co., 375 F.2d 692, 704 (8th Cir. 1967) (holding that the trial court is entirely proper in sustaining objections to questions that are argumentative, misleading, or assume facts not in evidence); Callanan v. United States, 223 F.2d 171, 179 (8th Cir. 1955) (noting that the objection to a particular question was properly sustained because it was "improper in form in that it assumed facts not established by the evidence").

## II. DEFENDANTS MAY NOT PRESENT A SELECTIVE PROSECUTION ARGUMENT TO THE JURY IN ANY WAY

"[U]nder our system of criminal justice, the issue submitted to the jury is whether the accused is guilty or not guilty. The jury is not asked to render judgment about non-parties, nor is it normally

---

[1] Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to close of business on September 30, 1981).

asked to render a verdict on the government's investigation." United States v. McVeigh, 153 F.3d 1166, 1192 (10th Cir. 1998). It is clear, however, from the defendants' opening statements and their method and substance of cross-examination of the government witnesses, that they are contending or asking the jury to infer that the government is selectively prosecuting them for political reasons. "A selective prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." United States v. Armstrong, 517 U.S. 456, 463 (1996).

The Eleventh Circuit has emphasized this point: "The selective prosecution defense is an issue for the court to decide, not an issue for the jury." United States v. Jones, 52 F.3d 924, 927 (11th Cir. 1995); accord United States v. Regan, 103 F.3d 1072, 1082 (2d Cir. 1997) ("Because it involves a 'defect in the institution of the prosecution,' the selective prosecution defense is an issue for the court rather than the jury."); United States v. Washington, 705 F.2d 489, 495 (D.C. Cir. 1983) ("[T]he issue of selective prosecution is one to be determined by the court, as it relates to an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged.") (citations omitted) (citing Fed. R. Crim. P. 12(b)(1)). Moreover, evidence concerning the motivation behind the prosecution of any defendant is irrelevant to the issue of innocence or guilt, and any probative value is substantially outweighed by the potential for unfair prejudice and misleading the jury. See Fed. R. Evid. 403.

For these reasons, "[c]ourts have consistently excluded evidence and argument by defendants seeking to attack the prosecution's motives in initiating prosecution." United States v. Cleveland, Crim. No. 96-207, 1997 WL 253124, at *2 (E.D. La. May 14, 1997); see also Regan, 103 F.3d at 1082 (prohibiting defendant from attacking the materiality of his lies before a federal grand jury

5

based on a claim that the government staged its investigation to elicit those lies); United States v. Bryant, 5 F.3d 474, 475-76 (10th Cir. 1993) (upholding district court's prohibition of cross-examination as to how defendant came to be charged in federal court); United States v. Schmidt, 935 F.2d 1440, 1449-50 (4th Cir. 1991) (upholding refusal to give a requested instruction on selective prosecution); United States v. Lopez, 854 F. Supp. 57, 60 (D.P.R. 1994) (finding evidence "claiming selective prosecution, which involved various claims regarding defendant's influence in the selection of the next U.S. Attorney for Puerto Rico, has no bearing whatsoever on whether the defendant committed the crimes alleged and will not be allowed at trial"); United States v. Napper, 553 F. Supp. 231, 232 (E.D.N.Y. 1982) (defendant could not pursue before the jury a defense that "her prosecution was selectively brought as part of a concentrated government effort to suppress the activities of" a religious organization).

    The caselaw is therefore clear that the defendants may not attempt to elicit testimony from which they could argue, or the jury could infer, that the government is selectively prosecuting them. The sole reason that the defendants have been prosecuted is that they are guilty of the crimes for which they have been indicted. Indeed, to permit such testimony or argument would allow the defendants to do indirectly that which they did not do directly, for the defendants, despite their rhetoric and hyperbole, have not even filed a selective prosecution claim. Nor could they, for they cannot meet their heavy burden of establishing a selective prosecution claim based on politics or any other ground. To permit such testimony, questioning, or argument would allow the defendants to indirectly and impermissibly present the theory of selective prosecution to the jury.

    A defendant seeking to establish an improper selective or vindictive prosecution has an onerous burden. Armstrong, 517 U.S. at 463 (noting that the standard is "a demanding one"). He

must show both (1) that others who have committed the same acts have not been prosecuted, and (2) that the difference in treatment, or selectivity of the prosecution, was motivated by a discriminatory purpose. See United States v. Smith, 231 F.3d 800, 809 (11th Cir. 2000) (citing Armstrong, 517 U.S. at 465); see also Owen v. Wainwright, 806 F.2d 1519 (11th Cir. 1986). To prevail, the defendant must establish each of these essential elements – discriminatory effect and discriminatory motive – by clear and convincing evidence. See Smith, 231 F.3d at 808.

A "presumption of regularity" supports prosecutorial decisions and, in the absence of clear and convincing evidence to the contrary, courts presume that prosecutors have properly discharged their official duties. Armstrong, 517 U.S. at 463. See also Smith, 231 F.3d at 808; Hastings, 126 F.3d at 313. Thus, in the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether to prosecute, and what charge to file, generally rests entirely in his discretion. Armstrong, 517 U.S. at 463; see also United States v. Cespedes, 151 F.3d 1329, 1332 (11th Cir. 1998).

As the Eleventh Circuit has recognized, "[t]he reality resulting from limited law enforcement and judicial resources is that not every criminal violation of the United States Code can be prosecuted." Smith, 231 F.3d at 807. The judiciary may interfere with a prosecutor's exercise of charging discretion only in "narrow circumstances where it is necessary to do so in order to discharge the judicial function of interpreting and applying the Constitution." Id. As the Supreme Court has recognized,

> "Judicial deference to the decisions of these executive officers rests in part on the assessment of the relative competence of prosecutors and courts. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are

7

> competent to undertake. It also stems from a concern not to unnecessarily impair the performance of a core executive constitutional function. Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy."

Id. at 808 (quoting Armstrong, 517 U.S. at 465).

Under these facts, the defendants simply cannot establish a selective prosecution claim. Consequently, they cannot overcome the strong presumption that this prosecution is motivated exclusively by proper considerations. As a result, they should be precluded from injecting improper issues into the trial through testimony, evidence, questioning, or argument. Notably, none of the defendants has ever moved to dismiss the indictment on the basis of selective prosecution. Unquestionably, the defendants are fully aware that they could not have met the onerous burden of establishing, by clear and convincing evidence, the elements essential to such a claim, namely, discriminatory effect and discriminatory motive. Instead of filing a selective prosecution motion, they are trying to impermissibly inject the issue into the trial.

In sum, no grounds support any mention of any motivation for the prosecution of any of the defendants. Only matters bearing on the guilt or innocence of the defendants should be admitted, and any mention or suggestion concerning the motivation for the prosecution of these defendants would be irrelevant, improper, and inadmissible. Accordingly, the Court should preclude the questioning of any witness, the attempt to introduce any evidence, or the making of any statement in the presence of the jury that brings into question the reason or motivation behind the prosecution of any defendant.

WHEREFORE, THE PREMISES CONSIDERED, the United States respectfully moves the Court for an Order precluding the defendants, counsel for the defendants, and defendants' witnesses, from mentioning, referencing, introducing, offering or attempting to introduce or offer any evidence, testimony, questioning, or argument pertaining to the means by which contributions were made to or reported by public officials or candidates other than the defendants and to any illegal agreement any person may have had with any public official or candidate other than the defendants.

Respectfully submitted this 15th day of May 2006.

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | ANDREW C. LOURIE<br>ACTING CHIEF, PUBLIC INTEGRITY SECTION |

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334) 353-8494
Fax: (334) 242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
1400 New York Ave. NW
Bond Building, 12th Floor
Washington, DC 20530
Phone: (202) 514-1412
Fax: (202) 514-3003
Email: richard.pilger@usdoj.gov

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334) 353-4839
Fax: (334) 242-4890
Email: j.fitzpatrick@ago.al.state.us

11

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN ) | |
| PAUL MICHAEL HAMRICK ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY. ) | |
| ) | |
| ) | |

CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2006, I delivered by hand the foregoing to the Clerk of the Court and to the attorneys of record for the Defendants.

Respectfully submitted,

LEWIS V. FRANKLIN SR.
ACTING UNITED STATES ATTORNEY

/s/ JB PERRINE
James B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: jb.perrine@usdoj.gov