**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CRIMINAL NO. 2:05-CR-119-F |
| | ) | |
| DON EUGENE SIEGELMAN, | ) | |
| PAUL MICHAEL HAMRICK, | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY. | ) | |

**DEFENDANT GARY MACK ROBERTS' MOTION**
**TO PRECLUDE TESTIMONY OF DR. JAY LINDLY AND THE UTCA STUDY**

Comes now Defendant Gary Mack Roberts and requests this Honorable Court to enter an Order precluding the anticipated testimony of Dr. Jay Lindly and the study conducted under his direction as being completely irrelevant to any issue in this case. As grounds for and in support of his motion, Roberts states as follows:

1. The Government has identified Dr. Jay Lindly as a potential witness. Further, the Government has listed as Government Exhibit 87 the "UTCA Study on Rainline." This study was completed under the direction of Dr. Lindly and compares Profile Pavement Markings (i.e. Rainline) with Flat Traffic Markings (i.e Thermoplastic Paint).

2. Mack Roberts was appointed Director of the Alabama Department of Transportation in January 1999 and his resignation from this postion was submitted on June 15, 2001 (with an effective date of June 30, 2001).

3. The study conducted by Dr. Lindly was dated November 13, 2003. (Govt.

Exhibit 87, Title Page). The study covered a period of time from August 13, 2001 through August 13, 2003. (Same Exhibit, Page ii).

4. Accordingly, the Study was begun one and one half months after Mack Roberts resigned as Director, was released two years, one and one half months after Roberts resignation and over four and one half years after the alleged scheme in the indictment was entered into.

5. Even though the indictment alleges activities which occurred after Roberts resigned, (which Roberts contends is improper), the last act complained of with regard to Roberts occurred on September 9, 2002 (Indictment-Count 33). Almost one year prior to the release of the Study.

6. Roberts is charged with 16 counts of mail fraud. While 13 of these counts deal with Rainline, the issue is whether Mack Roberts had the specific criminal intent to engage in a material scheme to defraud as specified in the indictment.[1] Events which occurred at a date so far removed from the activities complained of in the indictment have absolutely no bearing on the issues at hand.

---

[1] The Scheme to Defraud is defined in the Indictment as "a scheme and artifice to defraud and deprive the State of Alabama of its right to the honest and faithful services of DON EUGENE SIEGELMAN as the Governor of the State of Alabama and of GARY MACK ROBERTS as Director of the Alabama Department of Transportation (hereafter sometimes "ALDOT"), performed free from deceit, favoritism, bias, self-enrichment, self-dealing, and conflict of interest concerning ALDOT." (Indictment ¶ 69)

2

## **ARGUMENT**

Any evidence offered in this matter must pass through the 400 series rules of evidence. Rule 402, *Federal Rules of Evidence* provides basically that relevant evidence is admissible and irrelevant evidence is inadmissible. Rule 401 defines "relevant evidence" as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The Lindly study is simply irrelevant under Rule 401 as it was issued far after Roberts resigned from office and far after the date of the latest count in the indictment. The period covered by the study was entirely after Roberts resigned from office. This evidence should be excluded on this ground alone as the evidence is irrelevant to any issue in this case.

Even if this court were to deem this evidence relevant, it would be excluded under Rule 403 which provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence." The introduction of Lindly's testimony and his study as evidence would violate each of these precautions. The study did not exist when the ALDOT made the determination to utilize Rainline. As such, it would be unfairly prejudicial to Roberts and confusing to jury with regard to the issues at hand. It would make it appear to the jury that this body of research should have been considered by Roberts and the ALDOT. Secondly, with it

being released one year after the latest date in the indictment, two years after Roberts resigned and four and one half years after the alleged scheme was actually hatched, the introduction of this evidence would lead to delay and be an absolute waste of time. Finally, and ironically, the study would not even have been possible had ALDOT not utilized Rainline in the first place–there would have been nothing to study without Rainline being placed on the highways and roads of Alabama.

The "major function of Rule 403 is ... excluding matters of scant or cumulative probative force, dragged in by the heels by the prosecutor simply for the sake of its prejudicial effect." *United States v. Veltmann*, 6 F.3d 1483, 1500 (11th Cir. 1993). The Committee Notes to Rule 403 explain, "unfair prejudice within its context means an undue tendency to suggest a decision on an improper basis, commonly though not necessarily, an emotional one." *Old Chief v. United States,* 519 U.S. 172 (S.Ct. 1997). The evidence proffered by the Government is vastly more prejudicial than it is probative and therefore – even if admissible – should be excluded under Rule 403.

WHEREFORE, Roberts respectfully requests that this Court preclude Dr. Jay Lindly from testifying and prevent his study from being introduced into evidence.

Respectfully submitted

<u>  /s/David McKnight  </u>
David McKnight
Attorneys for Gary Mack Roberts
BAXLEY, DILLARD, DAUPHIN,
   MCKNIGHT AND BARCLIFT
2008 Third Avenue South
Birmingham, AL  35233
Telephone: (205)271-1100
Fax: (205)271-1108

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 30, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<u>  /s/ David McKnight  </u>
Of Counsel